THE STATE OF MISSOURI ex rel. CELIA HARRISON, Appellant, v. W. J. BABB et al., Respondents.

Kansas City Court of Appeals, December 5, 1898.

Interest: ORDER OF DISTRIBUTION: DEMAND BY DISTRIBUTEE. The order of distribution made by the probate court is a final judgment, and, as such, bears interest at six per cent from date and no demand is necessary from a distributee to make it draw interest; and this, notwithstanding sections 228 and 229, Revised Statutes 1889.

*Appeal from the Boone Circuit Court.*—HON. E. W. HINTON, Special Judge.

REVERSED AND REMANDED.

Ev. M. BASS, WELLINGTON GORDON and WEBSTER GORDON for appellant.

The administrator is properly chargeable with at least six per cent simple interest from the date of his final settlement and order of distribution, to wit, the sixteenth day of February, 1880, to rendition of final judgment herein, without reference to the manner of handling the fund, and no demand was necessary to make interest recoverable from said date in this action. R. S. 1889, sec. 5974; Henry v. State to use, 9 Mo.

778; State to use v. Vogel, 14 Mo. App. 187; Corley v. McKeag, 57 Mo. App. 415, 418; Crook v. Tull, 111 Mo. 283; Catron v. Lafayette Co., 125 Mo. 67, 70; Martin, Exr. v. St. Louis, 139 Mo. 246, 259.

NORTH T. GENTRY and J. G. BABB for respondents.

There is no statute that gives the circuit court any authority (either express or implied) to make an administrator chargeable with interest after the order of distribution is made and before any demand therefor is made. A demand from the person entitled thereto is always necessary, before the administrator can be made to account for any interest. In an action on a penal bond, interest is allowable only from demand or from the commencement of suit. 5 Am. and Eng. Ency. of Law, 528–532; Fraser v. Little, 13 Mich. 195; Warner v. Thurlo, 15 Mass. 154; Heath v. Gay, 10 Mass. 371; Pinney v. Hershfield, 1 Mont. 367; State ex rel. v. Sandusky, 46 Mo. 377; Farrar v. Christy, 24 Mo. 453; Sav. Ass'n v. Edwards, 47 Mo. 445; St. Louis D. & S. v. Augustine, 2 Mo. App. 123.

GILL, J.—This is a suit against a former public administrator of Boone county and the sureties on his official bond to recover the alleged distributive share of the plaintiff in the estate of one Carter Harris, a negro, who it seems died in 1877, and whose estate was administered by defendant Babb. At the final settlement in February, 1880, the probate court entered its judgment or order of distribution, wherein, among others, Celia McClure (now Celia Harrison) was named as a distributee, and the defendant administrator was ordered to pay her the sum of $190.20. The petition alleges that said administrator failed and refused to pay plaintiff said sum but

converted the same to his own use, and judgment was asked for the amount with the highest legal rate of interest. The answer was a general denial coupled with the plea of the statute of limitations..

The evidence adduced at the trial showed, and the court so found, that the plaintiff Celia Harrison was the same person as Celia McClure mentioned in the order of distribution; that she was married to Harrison prior to said order or judgment of the probate court and continued as such married woman until this suit was commenced in 1897. The evidence tended also to prove that after the order of distribution was made the defendant administrator made some effort to discover the whereabouts of the plaintiff, but that she had become a nonresident and could not be found, and that said administrator in the meantime kept and used the money as his own. There was no legal or proper evidence to prove that plaintiff made demand on the defendant administrator before beginning this action.

The matter we have to decide is whether or not this judgment should stand on the admitted facts of the case. As already stated no instructions were given or refused. But as the trial judge gave judgment for plaintiff, he must necessarily have found, *first*, that plaintiff is the same person named in the order of distribution as Celia McClure, and therefore has the right to prosecute this suit; *secondly*, that when said order was made and since she was and is a married woman, and therefore her action not barred by the statute of limitations. And in addition to this it stands conceded by the record, that on February 16, 1880, the probate court of Boone county ordered that the defendant, public administrator in charge of Carter Harris' estate, pay to the plaintiff as her distributive share of said estate the sum of $190.20; that said administrator

has never complied with that order and that this suit was commenced May 13, 1897.

On this state of facts the special judge entered judgment for plaintiff for $190.20 with six per cent interest from the filing of the petition herein, to wit, May 13, 1897. Plaintiff insists that she is entitled to interest from the date of the order of the probate court, to wit: February 16, 1880, and this is the sole question of law to be here determined.

This insistence of the plaintiff, it seems to me, is unanswerable; our interest statute has settled it in her favor. Section 5974, Revised Statutes 1889, declares, that "interest shall be allowed on all money due upon any judgment or order of any court, from the day of rendering the same until satisfaction be made by payment, etc., * * * ; all such judgments and orders for money upon contracts bearing more than six per cent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear six per cent per annum until satisfaction made."

INTEREST: order of distribution: demand by distributee.

The order of the Boone county probate court, dated February 16, 1880, directing the defendant, public administrator, to pay this plaintiff $190.20 as her distributive share in the estate of her brother, Carter Harris, was a final judgment, and as much within the range of the statute just quoted as if it were rendered by a superior court. The statute provides for six per cent interest on all money due "*upon any judgment or order of any court*, from the day of rendering the same until satisfaction be made," etc. This order or judgment made at the final settlement of the Carter Harris estate was and is conclusive on all these defendants— the sureties as well as the principal in the administrator's bond.

It seems to be the contention of defendants' counsel, and so held by the trial court, that interest would begin to run only from and after a *demand* by the distributee made on the administrator. But this would inject into the statute a qualification not only unwarranted by the text but such as materially to alter and change its meaning. The section before quoted has, in plain and unambiguous terms, provided, that a judgment or order of the probate court, or of any other court, directing the payment of money, shall bear interest *"from the day of rendering the same"*—not from the day when the distributee shall demand payment. It is true that the distributee can not successfully call on the probate clerk for execution on such order of distribution made by the probate court until he shall have made demand on the administrator. R. S. 1889, secs. 228 and 246. But this matter of a demand is only a condition precedent to the issue of an execution from the probate court; it has nothing to do with the ordinary suit on the administrator's bond or with fixing the date from which interest shall begin. As well said by defendants' counsel, the distributee may adopt either of two concurrent remedies; he may call on the probate clerk for an execution against the goods, chattels and effects of the delinquent administrator, preparatory to a *scire facias* against his sureties (sections 228, 229), or he may at once bring an action on the official bond of the tardy administrator. State ex rel. Frost v. Creusbauer, 68 Mo. 254; R. S. 1889, sec. 283. Whether or not, when the distributee shall adopt the more summary proceeding in the probate court, he should be entitled to interest from the date of the order or from the demand, we are not bound to decide. It seems, however, to us that even there the execution creditor would be entitled to interest—not from the date of demand on the defaulting administrator,

but from the date of the judgment or order of the probate court. It is not required that the judgment as written should in words declare for interest or what the rate thereof should be; the law will fix this according to the nature of the demand in suit as shown by the record. Catron v. Lafayette County, 125 Mo. 67; Crook v. Tull, 111 Mo. 283; Corley v. McKeag, 57 Mo. App. 415; State ex rel. Walsh v. Vogel, 14 Mo. App. 187.

State to use of Russell v. Henry, 9 Mo. 778, was a case similar to this. There a minor heir and distributee, by his guardian, sued the administrator and sureties for the distributive share of said minor, as shown by an order of the probate court. The defense there was, that at the date of the order of distribution and ever since, the plaintiff was a minor and in no condition to receive the money, and besides that no demand was made therefor before suit was brought. It was there held that demand was unnecessary, that the order of the probate court was sufficient notice to the administrator of his duty. And as to the matter of interest the court used this language:

"If the executor or administrator does not desire to retain the money of the estate which he has administered, and of which administration he has made a final settlement, in cases where the distributees are not competent to give discharges, he may under the direction of the county (now probate) court, lend out the money upon good security. When he retains the money it is presumable that he derives from it that benefit which the law supposes the money to be worth, and he is properly chargeable with interest;" and the court approved the action of the lower court in allowing interest from the date of the final settlement. And so it may be said here: if the defendant administrator could not find the distributee and she failed to appear

and demand her share of the estate, the law provided a way by which he could relieve himself of the charge. It would then be the duty of the administrator, under the order of the probate court, "to lend out the money on good security for such limited time as the court may direct, not exceeding one year." R. S. 1889, sec. 252. And then further if the distributee fails to appear and claim his share within a year after the final settlement the court should order the same paid into the state treasury, as provided in section 253 of the Revised Statutes. If, however, the administrator sees proper to retain the money, as in this case, then clearly he should pay interest from the date of the final settlement and order of distribution.

We do not think however that the administrator and his securities should be compelled to pay the highest legal rate of interest, compounded annually, as contended by plaintiff's counsel. The measure of damages here is the amount of money adjudged against the administrator by the probate court together with such interest as the law fixes. The statute declares what that rate of interest shall be. Section 5974, as before stated, provides that all judgments or orders for money (except such as are based on contracts bearing a greater rate) "shall bear six per cent per annum until satisfaction made." Hence the order or judgment of the probate court, February 16, 1880, calls for the same rate of interest as any other judgment or order for money (except as above stated), that is six per cent per annum from the date of its rendition. This is not a case in equity for the settlement of a trustee's or administrator's account, as in cases cited by plaintiff. But the basis of this action is a *judgment*, bearing, according to the provisions of the statute, a definite and fixed rate of interest, to wit, six per cent per annum from the date of rendition to the time

judgment shall be entered in the circuit court. Said last named judgment to bear the same rate of interest "until satisfaction made."

The judgment of the circuit court will be reversed and cause remanded with directions to proceed as herein indicated. All concur.