THE STATE OF MISSOURI TO THE USE OF HENRY DUNCKER, Respondent, v. WILSON KAYE et al., Defendants, THOMAS HOLLINSHEAD et al., Appellants.

**St. Louis Court of Appeals, March 27, 1900.**

1. **Res Adjudicata.** To make matters *res adjudicata* there must be a concurrence of the four conditions following: identity of the thing sued for; identity of the cause of action; identity of persons and parties to the action; identity to the quality of the person for or against whom the claim is made.

2. **Bond, Construction of Terms and Condition of.** It is held in the case at bar that the bond was made for the use and benefit of the plaintiff, and that he is entitled to sue on it and to recover whatever damages he has sustained by reason of its breaches.

3. ———: ———: ———. Against the creation of an incumbrance or suffering one to be created on the land the bond does not provide, and it was error in the trial court to include the taxes and penalties in the estimation of plaintiff's damages.

Appeal from the St. Louis City Circuit Court.—*Hon Pembrook R. Flitcraft,* Judge.

REVERSED AND REMANDED.

*Wm. F. Smith* and *A. Gfeller* for appellants.

(1)   The court erred in striking out that part of appellants' answer alleging that respondent obtained judgment against Wilson Kaye for the same identical interest herein sued for in case of Duncker v. Kaye, No. 8,786, returnable to the December term, 1897, St. Louis Circuit Court. A judgment upon the merits of a cause in litigation rendered by any court of competent jurisdiction is a bar to all further litigation of the same claim or demand. Where no action

can be sustained against a principal of a bond, none can be maintained against his securities. State ex rel. v. Coste, 36 Mo. 437; Boyton v. Ball, 121 U. S. 457; Bigelow on Estoppel, p. 80. (2) The court erred in striking out of defendants' answer the allegation that the sale under the deed of trust was not made in conformity with the conditions thereof and the law governing such sales. A sale under a deed of trust not made in conformity with the conditions therein contained and the provisions of the statute is void, and all proceedings under the statutes for the purpose of redeeming the real estate sold at such a sale must of necessity be also void. R. S. 1889, secs. 6570, 7092 and 7093; Siemers v. Schrader, 88 Mo. 20; Gray v. Worst, 129 Mo. 122. (3) The court erred in overruling appellants' objection to the introduction of any evidence in support of respondent's petition. Because the petition does not state facts sufficient to constitute a cause of action, respondent's capacity to sue thereon, not being averred, and want of capacity to sue being apparent on the face of the petition. R. S. 1889, chapt. 22, p. 281; State to use v. Matson, 38 Mo. 489; State to use v. Patton, 42 Mo. 530; Bauer v. Cabanne, 105 Mo. 110. (4) It appears from the evidence that the bond sued on was designed as a statutory, penal bond, under sections 7079 and 7080 of the Revised Statutes of Missouri 1889, subject to strict construction. Bauer v. Cabanne, 105 Mo. 110; Nofsinger v. Hartnett, 84 Mo. 549; Erath v. Flynn, 55 Mo. App. 107; Bricker v. Stone, 47 Mo. App. 530; Heim Brewing Co. v. Hazen, 55 Mo. App. 277. The bond is defective, it being made payable to the State of Missouri, instead of being made payable to Henry Duncker, as contemplated by law. R. S. 1889, secs. 7079 and 7080. (5) There is no statute conferring a right of action upon said bond in favor of Henry Duncker in the name of the

state of Missouri, to his use or otherwise. R. S. 1889, chapter 22.

*George W. Lubke, Jr.* for respondent.

(1) The court's action in striking out the part of appellants' answer setting up the judgment obtained by Duncker on the note secured by the deed of trust, which included the interest sued for in this case, as a bar to any recovery for the same interest, was proper. The bond sued on was but a security for a part of the debt evidenced by the note. Thornton v. Pigg, 24 Mo. 249; Kansas City, etc., Association v. Mastin, 61 Mo. 435; Owings v. McKenzie, 133 Mo. 323. (2) The allegations in the answer that the trustee's sale was not a valid one were properly stricken out. The recitals in the bond estopped the parties to it from raising that question. Barada v. Carondelet, 8 Mo. 644; Hundley v. Filbert, 73 Mo. 34; State ex rel. v. Williams, 77 Mo. 463; Lionberger v. Krieger, 88 Mo. 160. (3) The tax bills were properly admitted in evidence. As between tenant and remainderman, failure to pay taxes is waste. Bone v. Tyrrell, 113 Mo. 188. The petition states facts sufficient to constitute a cause of action. Plaintiff's right to maintain the action sufficiently appears from its allegations. City of St. Louis to use, etc., v. Von Phul, 133 Mo. 565; Howsmond v. Trenton Water Co., 119 Mo. 307; Ellis v. Harrison, 104 Mo. 276; State ex rel. v. Gas Light Co., 102 Mo. 482; Rogers v. Gosnell, 58 Mo. 590; R. S. 1889, sec. 7080.

BLAND, P. J.—This suit is on the following bond:
"William Kaye                                    Exhibit A.
    vs.
Henry Duncker.                        •

"Know all men by these presents: That we, Wilson Kaye, as principal, and Thomas Hollinshead and Jacob

Kuhn, as surety, are holden and stand firmly bound unto the state of Missouri in the sum of one thousand dollars ($1,000), to the payment of which to the state of Missouri we hereby jointly and severely bind ourselves, our heirs, executors and administrators.

"The condition of this obligation is such that whereas Henry Duncker was, on the twenty-ninth day of July, 1896, the purchaser of certain properties described in the petition in this cause being cause No. 4042 A., of the circuit court, and sold at trustee's sale by Geo. W. Lubke, Jr., trustee, and whereas Wilson Kaye desires to redeem the same within the period prescribed by law.

"Now, therefore, if the said obligors shall well and truly pay the interest on the debt to acrue after the sale until the time prescribed by law to redeem the land shall have expired, and to pay all damage and waste that may be occasioned or permitted by said Wilson Kaye, on said property, then this obligation shall be void, otherwise it shall be and remain in full force and effect.

"In witness whereof we hereunto set our hands and seals this thirty-first day of August, 1896.

Signed                        "Wilson Kaye,
                                "Thomas Hollinshead,
                                "Jacob Kuhn.

"Approved Aug. 31, 1896,
            "Thos. B. Rodgers, Clerk."

The breaches alleged are failure to redeem, the commission of waste and failure to pay $262.50 accrued interest. The wastes alleged are $105.57 on account of taxes and accrued penalties for the nonpayment thereof, and $500 damages to dwelling house situated on the premises.

The answer admitted the execution of the bond, denies all other allegations of the petition, and for affirmative defenses states: First, that defendants signed the bond in

ignorance of its contents, and avers that it was given without consideration; second, that plaintiff had recovered judgment against Kaye (the principal in the bond) for all the interest which was due on the note to secure which the trust deed was given, which judgment was in force and that this judgment was a bar to a recovery in this suit; third, that the sale under the deed of trust was irregular and illegal for want of sufficient notice; and fourth, that the trustee who made the sale to Duncker instead of giving him a certificate of purchase, signed and acknowledged a trustee's deed and held it in escrow until the time for redemption had.passed, when he delivered the deed to Duncker. On motion of plaintiff the four affirmative defenses were stricken out. The issues were submitted to the court sitting as a jury. Plaintiff offered evidence tending to prove all the allegations of his petition, except the one alleging damages to the dwelling house. Defendants objected to all evidence offered by plaintiff, and at the close of their evidence tendered a demurrer thereto, which was overruled by the court. Defendants offered no evidence. No instructions were asked or given. The court made a finding and rendered judgment for plaintiff, from which the defendants after unsuccessful motions for new trial and in arrest of judgment appealed.

I. The motion to strike out the affirmative defenses set forth in the answer was properly sustained. The first paragraph of these defenses is puerile. The plea of former adjudication, without the further plea of satisfaction contained in the second paragraph is insufficient to constitute the judgment in the former suit a bar to a recovery in this suit, as the parties are not the same, nor the instruments sued on. The recovery in the Duncker v. Kaye suit is not an adjudication of the matters in issue in the present suit. "To make matters *res adjudicata* there must be a concurrence of the four conditions following; identity of the thing sued for,

identity of the cause of action, identity of persons and parties to the action, identity to the quality of the person for or against whom the claim is made." Winham v. Kline, 77 Mo. App. loc. cit. 46. The defendants by giving the bond sued on ratified the sale and are estopped to deny its validity in an action on the bond, as they attempted to do by the defense set forth in the third paragraph. We are unable to comprehend what interest the defendants have in the date of the deed from the trustee to Duncker, the purchaser. This was no concern of theirs, and this irrelevant matter contained in the fourth paragraph of the answer was most correctly struck out.

II. Appellants contend that plaintiff has no interest in the bond; that it is not made to him, and that he has no legal capacity to sue on it. The bond was given in pursuance of section 7079, Revised Statutes 1889. Instead of being made payable to Henry Duncker, it was made payable to the state of Missouri. But the bond on its face shows that it was made for the benefit of Henry Duncker as the purchaser of certain properties described in the cause of Wilson Kaye v. Henry Duncker, No. 4042 A, of the circuit court. The record shows that in that case Kaye made application by petition to the circuit court for leave to give the bond sued on; that the circuit court found he was entitled to give the bond to redeem the lands purchased by Duncker at the trustee's sale under a deed of trust, and that the court took and approved the bond. The bond must be construed as a whole, and in the light of the order of the court in pursuance of which it was given. So construing it we find that it was made for the use and benefit of the plaintiff, and that he is entitled to sue on it and to recover whatever damages he has sustained by reason of its breaches. One of the conditions of the bond is that the obligors should pay the interest to accrue on the debt after the sale. For this they are unquestionably liable. Another condition is, that they shall

pay all damage and waste that may be occasioned or per-mitted by Kaye on the property. Under this head plaintiff was permitted to allege and recover for back taxes and penalties for nonpayment of taxes. The nonpayment of taxes was not damage or waste to the lands. The tax was an incumbrance only on the land. Against the creation of an incumbrance or suffering one to be created on the land the bond does not provide, and it was error to include the taxes and penalties in the estimation of plaintiff's damages, wherefore the judgment is reversed and the cause remanded. All concur.