PERKINS, Appellant, v. GODDIN, Respondent.

St. Louis Court of Appeals, March 7, 1905.

1. **ADMINISTRATION: Personal Property Vests in Administrator.** On the death of a party, unless administration is dispensed with under section 2, Revised Statutes of 1899, his personal property passes to the administrator, not to the heirs, and it is the duty of such administrator to sue for and recover the same when held adversely.

2. **RES JUDICATA: Parties: Representative Capacity.** In order that a party may be bound by a former adjudication, he must have been not only a party to both actions but must have appeared in both in the same capacity or character; one who appeared in a former suit in his individual right could not be bound by the judgment when he subsequently appeared in a representative capacity, as administrator.

3. **ADMINISTRATION: What Administrator Represents.** An administrator represents the creditors of the decedent as well as the heirs in prosecuting and defending claims.

4. ————: **Partition: Right of Administrator.** The circuit court in a proceeding to partition the real estate of a decedent among the decedent's heirs had no jurisdiction to award among them rents due at the time of decedent's death; nor could the heirs by any agreement among themselves divest the administrator of the decedent's estate of the right to collect such rents.

5. ————: **Presumption of Debts.** In an action by an administrator to collect a debt due the estate, where it is shown that the heirs have relinquished their interest in the debt sued for, the administrator will not be held to prove that the estate owed debts, in order to recover; the court will not presume that there were no debts in the absence of such showing.

6. **RES JUDICATA: Parties: Nominal Party.** One who was a mere nominal party to a former proceeding, as the husband of the party having a substantial interest, will not be bound by the adjudication in a subsequent proceeding where he had a substantial interest.

7. ———: **Privies.** One personally in privity with another, who is bound by a former adjudication, is not bound when suing in a representative capacity.

8. ———: ———: A husband is not, by reason of that relation, in such privity with his wife that he is bound by a judgment in an action to which she was a party.

Appeal from Warren Circuit Court.—*Hon. H. W. Johnson,* Judge.

REVERSED AND REMANDED (*with directions*).

*W. R. Dalton* and *E. Rosenberger & Son* for appellant.

(1) To make matters *res adjudicata* there must be a concurrence of the four conditions following: identity of the thing sued for, identity of the cause of action, identity of the persons and parties to the action, identity of the quality of the person for or against whom the claim is made. State to the use Henry Duncker v. Hollinshead, 83 Mo. App. 678. (2) Personal property passes to the administrator, and he alone, and not the heir, has the right of possession thereof, and can alone sue therefor, unless the probate court shall by order dispense with any administration. McMillan v. Wacker, 57 Mo. App. 220; Smith v. Denny, 37 Mo. 20; Hounsom v. Moore, 18 Mo. App. 406; Griswold v. Mattix, 21 Mo. App. 282; BeKraft v. Lewis, 41 Mo. App. 546; Adey v. Adey, 58 Mo. App. 408; Jacobs v. Maloney, 64 Mo. App. 270.

*Peers & Peers* and *J. B. Garber* for respondents.

(1) A judgment by consent or by stipulation is accorded the same force as other judgments. Short v.

Taylor, 137, Mo. 517, 38 S. W. 952. Going further on this question, we cite as bearing directly upon this question: Crespen v. Hannavan, 50 Mo. 415; Groschke v. Bardenheimer, 15 Mo. App. 415; Koonz v. Hoffman, 31 Mo. App. 397. Where the effect of a judgment is to decide a particular issue of fact, that issue must be held *res adjudicata.* Young y. Byrd, 124 Mo. 590, 28 S. W. 83. And it is immaterial in what form the issue was raised. Wiggins v. St. Louis, 135 Mo. 558, 37 S. W. 528. Nor is it always necessary that one should be a party to the record in order that his rights may be bound by a previous adjudication. Bierman v. Crecelius, 135 Mo. 386, 37 S. W. 121. (2) In this matter the judgment is conclusive of the issues involved, even though Perkins was not a litigant, only as the husband of his wife. Nabe v. Adams, 107 Mo. 414. Perkins, Mrs. Perkins (nee Grey) and Mr. Grey, the only heirs of Mrs. Grey, were parties to the original action and all are bound by the decree. Cooley v. Warren, 58 Mo. 166; Barton v. Martin, 60 Mo. App. 358; Henry v. Woods, 77 Mo. 277.

## STATEMENT.

This suit is for the conversion of certain wheat valued at $262.18 1-2. The wheat is alleged to be rent for the use of certain lands in Warren county. The facts are, Edward A. Muier, who owned certain lands in Warren county, Missouri, died on December 24, 1872, leaving as his sole heirs at law his brother, Gustavus H. Muier, and his sisters, Harriet A. Goddin, Margaret E. Grey and Virginia A. Muier. In 1892 Virginia A. Muier died, leaving no issue. In 1898 Harriet A. Goddin died, leaving surviving her, her son Benj. H. Goddin, the defendant in this case, and Hugh and Arch Goddin and Nettie Taylor, nee Goddin. For two years immediately after the death of Edward A. Muier, his brother, Gustavus H. Muier, occupied the lands, then by

an arrangement in the family turned the same over to his three sisters to occupy or to have the rents therefrom. Afterwards, as above stated, in 1892, Virginia A. Muier having died leaving no issue, the rents and profits were enjoyed by the two remaining sisters, Margaret and Harriet. In 1898 Mrs. Goddin died, thus leaving the rents and profits to be enjoyed by Mrs. Grey and the children of Mrs. Goddin, among whom is defendant, Benj. H. Goddin, who occupied the lands as tenant under an arrangement whereby he was to pay one-third the crops as rental, after deducting therefrom certain amounts to pay taxes, insurance, clover, grass seed, etc., the crops to be marketed by him, and after paying out the expenditures above indicated he was then to pay his aunt, Mrs. Grey, one-half the rents, or one-sixth the net proceeds of the crops after such expenditures, and the remaining half he was to pay to himself and his brothers and sisters who had succeeded to his mother's rights therein. Under this arrangement, which had been a continuous one for some years, the farm, in 1902, was largely, if not wholly, in wheat. On July 12, 1902, Mrs. Grey departed this life, in Boone county, Missouri, leaving surviving her, as her sole and only heirs, her children, Gustavus H. Grey and Ida M. Perkins, who is the wife of the plaintiff administrator in this suit. In 1902, at the date of Mrs. Grey's death, the wheat had been harvested and was being threshed on July 12th, the very day of Mrs. Grey's death. Defendant Goddin sold the wheat, one-third of which brought six hundred and thirty-four dollars, and paid certain amounts which he was authorized to pay for taxes, insurance, clover seed, etc., leaving a balance on hand of $524.37, which was, under the arrangement that had been in vogue among them for several years, due as follows: one-half, amounting to $262.18 1-2 to Mrs. Grey's estate, and one-half, amounting to $262.18 1-2 to defendant himself and his three brothers and sisters.

On August 4th, 1902, a petition to partition said

lands was filed in the office of the clerk of the circuit
court of Warren county.    The parties plaintiff were
this defendant, Benj. H. Goddin, and his brothers and
sister, Arch and Hugh Goddin and Nettie Taylor, all the
children and heirs at law of Harriet A. Goddin, de-
ceased, against their cousins, the children and heirs at
law of their aunt, Mrs. Margaret E. Grey, deceased, to-
wit, Ida M. Perkins and John T. Perkins, her husband,
and Gustavus H. Grey, defendants.    On October 27,
1902, the plaintiffs in this partition suit filed an
amended petition making their uncle, Gustavus H.
Muier, a party defendant, thus bringing before the
court all interests in said lands and interests in certain
bequests arising out of a will made by one Talbot, an
ancestor, long years before.    Thereafter the following
stipulation, signed by counsel representing all the par-
ties to the suit, was filed in said cause:

"It is agreed that the land described in the petition
be sold by the sheriff at the August term of Warren
County Court, 1903, for one-third cash, one-third in one
year, one-third in two years, five per cent interest from
date of sale.    Sheriff to have land surveyed and
laid out in parcels and so sold, subject to the approval
of the court.    Sheriff shall advertise said land by hand
bills in addition to advertisement in newspapers.    The
possession to be delivered to the purchaser on approval
of sale and tenant to attend to purchases in case same
is rented.    Rents now due to be paid over to sheriff on
account."

It is to be noted that the last line of this stipulation
provides, "rents now due to be paid over to sheriff on
account," as these rents are the bone of contention in the
case at bar.

On January 7, 1904, at an adjourned term of the
Warren County Circuit Court, the court entered a de-
cree in the partition suit.    The decree is very long,
takes up and disposes of all matters pertaining to the

lands and certain bequests. That portion of it which deals with the rents involved in this suit is as follows: "And the court further finds that since the death of Mary E. Grey, plaintiff Benj. H. Goddin has occupied the said Warren county lands as tenant at rentals which amount to the sum of $534.37, and that said sum, $131.09 1-4, is now due from him to each of his coplaintiffs herein and unpaid; and that on account of said bequests there is now due to each of the plaintiffs herein a balance of $1,236.11 1-3. The court further found Ida M. Perkins and her brother, Gustavus H. Grey, on account of said bequests, the sum of $2,472.22 1-2 with interest from the date of their mother's (Mary E. Grey) death, but does not make any finding of a portion of these rents in favor of the defendants Ida M. Perkins and Gustavus H. Grey.

There was $524.37 rent money in the hands of defendant Benj. H. Goddin to be disposed of one-half of this should have gone to the estate of Mrs. Grey. The court ordered $131.09 1-4 paid to each of the coplaintiffs. There were three of them, brothers and sisters of Benj. H. Goddin, he making the fourth. Four times $131.09 1-4 equals the entire rent, $534.37. It seems that Goddin and his brothers and sisters were decreed all of this rent to the exclusion of Mrs. Ida M. Perkins and her brother Gustavus H. Grey, who were the children of Mrs. Grey to whom one-half of the rent was due. During the trial of the case at bar Benj. H. Goddin, defendant, said, in answer to a question by the court: "I have paid it to my brothers and sisters as directed by the court, part of it, I have not paid it all yet but part of it I have."

Up to this time there had been no administration upon the estate of Margaret E. Grey, deceased. The plaintiff in the case at bar is the husband of Ida M. Perkins, daughter of Mrs. Grey. He was duly appointed and qualified by the Boone County Probate Court as administrator of Mrs. Grey's estate, prior to the commence-

ment of this suit. His wife, Ida M. Perkins, was one of the parties defendant to the partition suit mentioned and, in fact, Perkins himself was a party to the original petition therein but does not seem to be a party to the amended petition upon which the case was tried and disposed of. Perkins testified that his wife was a party to that suit; that he was at the court at the time it was disposed of but was not the administrator of Mrs. Grey's estate at that time; that he employed Judge Booth to represent his wife in that case; that Judge Booth did represent his wife's interests therein and he (Perkins) was present in court and heard the decree read. After plaintiff (appellant here) was appointed administrator of Mrs. Grey's estate, he began this suit in conversion, in the Warren Circuit Court, against defendant Benj. H. Goddin, seeking to recover for the estate of his decedent $262.18, the value of Mrs. Grey's share of the rental wheat.

The answer was a general denial. "And further answering, the defendant says that the matter herein sought to be litigated was fully litigated, passed upon and adjudged and decided at the last regular term of this court, in the matter of Goddin et al. v. Muier et al., and has become and is now *res adjudicata* and defendant now pleads said former adjudication as a complete defence to this action."

A jury was impaneled. At the trial plaintiff's evidence showed that he was the administrator of Mrs. Grey's estate; that defendant owed $262.18 1-2 as Mrs. Grey's share of the rents that had never been paid to her nor to her estate. Defendant admitted the same facts, but insisted that he was standing on the decree in the partition suit; that he had paid part of the amount to his brothers and sisters as directed by the court in the partition suit and intended to pay the remainder. All this testimony was objected to by appellant and exceptions saved to the action of the court in admitting it. Defendant introduced in evidence, over plaintiff's ob-

jections, and exceptions, the amended petition, the stipulation and the decree in the partition suit, and stood upon the proposition that the matter had been fully and finally adjudicated in the partition suit. The trial court took the same view.

The plaintiff asked the court to instruct the jury as follows:

"1.   The court instructs the jury that you will find for the plaintiff and assess his recovery at $262.18, and you may assess six per cent interest thereon after March 1, 1904.

"2.   The court instructs the jury that the two petitions in the case of Goddin et al. v. Perkins et al., as well as the decree therein read in evidence, were erroneously admitted in evidence and you will not consider them in arriving at a verdict.

"3.   The court instructs the jury that personal property descends to the personal representative of the deceased and not to their heirs, and that the administrator in this case is in no way bound by the decree rendered in the case of Goddin et al. v. Perkins et al., read in evidence as to any personal property or choses in action mentioned therein in which Mrs. Margaret Grey had an interest at the time of her death.

"4.   The court instructs the jury that the personal representative of Margaret E. Grey is entitled to receive her share of the proceeds of the sale of crops planted and grown upon the land which she held as life tenant during her lifetime.

"5.   The court instructs the jury that the words, 'personal representative,' means administrator or executor.

"6.   The court instructs the jury that personal property descends to the personal representative of a deceased person and not to the heirs and hence if you find from the evidence.:

1st.   That plaintiff is the administrator of the estate of Margaret Grey, deceased.   2d.   That Margaret

E. Grey died on or about July 12, 1902. 3d. That at the time of her death she was entitled to the one-half of one-third of the wheat crop or some part thereof raised by defendant under an agreement with Mrs. Grey for the crop year of 1902. 4th. That defendant converted said wheat to his own use of the proceeds thereof, and had not returned same to Mrs. Grey or her administrator; that you will find for the plaintiff and assess his damages at such an amount as you believe from the evidence was the fair and reasonable market value of the wheat or the proceeds thereof."

The court refused these instructions and peremptorily instructed the jury that under the pleadings and the evidence, plaintiff could not recover and their verdict should be for the defendant. The verdict was accordingly for the defendant.

The case is here by appeal. The plaintiff assigns errors as follows: first, in admitting in evidence, over the plaintiff's objections, the petition and the amended petition in the partition proceeding of Goddin et al. against Muier et al.; second, in admitting in evidence, over the plaintiff's objections, the partition decree in the case of Goddin et al. v. Muier et al.; third, in the refusal of the court to give the six instructions asked; fourth, in the giving of the peremptory instruction prayed for by the defendant. It will be observed that Mrs. Grey, having died July 12, 1902, was not a party to the partition suit, neither was her administrator a party thereto, except as a nominal party to the original and not to the amended petition, not as her administrator, however, but simply as the husband of his wife, who was Mrs. Grey's daughter.

NORTONI, J. (after stating the facts).—On the undisputed evidence defendant Goddin occupied the lands under an arrangement whereby he was to pay Mrs. Grey one-half of one-third of the crops, after they were marketed, as rental, and the other one-sixth rental

he owed to his brothers and sisters and himself.    On the date of Mrs. Grey's death the contract was in force, the crop matured and was being threshed that very day. Her interest therein was $262.18 1-2.    Under the well-settled law of this State, on the death of a party, the personal property passes to the administrator, not to the heir, unless it be where the probate court, by order dispenses with an administrator under section 2, of the Administration Statute.    R. S. 1899.    There was nothing of that kind in this case as shown by the fact that the Boone county probate court took up the administration and granted letters to appellant thereon.    On the death of Mrs. Grey the personalty passed to the administrator, and it was not only his right but his duty to sue for and recover the same.    Smith v. Denny, 37 Mo. 20; McMillan v. Wacker, 57 Mo. App. 220; State ex rel. Hounson v. Moore, 18 Mo. App. 406; Griswold v. Mattix, 21 Mo. App. 282; Becraft v. Lewis, 41 Mo. App. 546; Adey v. Adey, 58 Mo. App. 408; Jacobs v. Maloney, 64 Mo. App. 270.

Respondent contends, however, that the partition suit was an adjudication of all matters between the heirs, that by the stipulation, admittedly signed by counsel representing Ida M. Perkins, counsel whom plaintiff Perkins had employed to represent his wife, and also counsel representing Gustavus H. Grey, who together with Mrs. Perkins were the sole heirs of Mrs. Grey, as well as all other parties to the partition of the lands; that the rents were to be paid to the sheriff on account and, inasmuch as the court in that case, in its finding and decree, took such rents into account and ordered disposition of the whole matter, defendant having obeyed, at least, in part, the order of the court therein, all said parties, and the administrator as well, are bound thereby; that this case is *res judicata* and plaintiff cannot recover.

"It is essential to the application of the principle of *res judicata* not only that the person sought to be

bound by the former judgment should have been a party to both actions, but he must have appeared in both in the same capacity or character. Thus, a judgment for or against an executor, administrator, guardian, assignee or trustee in a suit in which he appears in his representative capacity does not generally conclude him in a subsequent action in which he appears as an individual to protect or vindicate his own personal interest or right and *e converso* for or against a person acting in his individual right is not conclusive upon him in a subsequent suit in which he appears in his representative capacity." 24 Am. and Eng. Ency. Law (2 Ed.), p. 734.

In this case the plaintiff was not a party to the partition suit, either in his individual capacity or as administrator. It is true he was at the court, heard the decree read in court, had employed counsel for his wife, who was a party to the suit, but what of that in the present case? Here, he has no rights except as administrator, and as such administrator, whom does he represent? Not himself nor his wife alone. He represents two sets of persons, the creditors of his decedent and the heirs. His first duty is to collect the estate and pay the debts. After the debts are paid there may be something for the heirs. His wife might participate in the remainder but not until then. Let us suppose a case. Suppose that Mrs. Grey, his decedent, died intestate, leaving two hundred dollars in debts, expenses of last sickness and funeral, and this $262.18 1-2 owing to her estate. Can the doctor and undertaker be cut out of their rights to participate in this $262.18 1-2 owing to her because the circuit court proceeded to divide up certain property that by operation of law descended to the administrator and not to the heirs, and over which said court had no jurisdiction in that case?

It is argued by appellant that Mrs. Perkins, the wife of the administrator, received her share of this rent by the division of the estate ordered by the circuit

court and that this suit is brought in order that she, being an heir of Mrs. Grey and Mrs. Grey owing no debts at the time of her death, will receive payment the second time on the final settlement of the administrator, in the event plaintiff recovers.  We do not read the record this way.  It appears that Goddin and his brothers and sisters were decreed to receive this $524.37, and that Mrs. Perkins and her brother, Gustavus Grey, were decreed nothing on this account in the partition suit.  That is immaterial, however, to this controversy. The judgment in that case was not appealed from and is not here for review.  Let us grant that by some means, we have not discovered, Mrs. Perkins and her brother did receive their part of said rents, the circuit court had no jurisdiction to award it in that suit, even though the heirs were parties thereto and agreed to it for the reason the interests of the creditors of Mrs. Grey were not represented inasmuch as her estate was not a party to that record.  That is no reason why the plaintiff should not recover in this case.  The rents owing to Mrs. Grey were no part of the realty and could not be made a part of the estate then being partitioned until the probate court had, by order, under section 2, Revised Statutes 1899, dispensed with administration for the reason the creditors had the first right in the estate.  The administrator represented the creditors as well as heirs, in collecting debts and prosecuting and defending claims. Kennerly v. Shepley, 15 Mo. 640; Hughes v. Menefee, 29 Mo. App. 192.  No agreement of the heirs and no suit in the circuit court to which Mrs. Grey's estate was not a party could divest the administrator of the right to collect the estate for the purpose of paying the debts.

It is contended by respondent that before appellant can recover, it devolved upon him to show that his decedent left debts unpaid and that creditors were interested, otherwise, he contends, no one can be interested save the heirs, and the heirs were all parties to the partition suit.  There is no showing in the record as to

whether Mrs. Grey was indebted or not. We cannot assume that she died owing nothing. Her funeral expenses, at any rate, would be to pay, and the expenses of her last sickness. Under section 184, Revised Statutes 1899, these are the two very first charges on the estate, and it may be the administrator was seeking to collect this money to pay the doctor and the undertaker. Judge Ellison has well said: "The suggestion that there were no debts owing by the estate should have little weight. I know of no way short of the period of limitation, by which it can be definitely known that there are no debts left by a deceased person. And if we can dispense with administration simply by offering proof that no debts are *known* to exists (which is all that testimony could show) we would make much confusion and overturn well recognized modes of procedure." Becraft v. Lewis, 41 Mo. App. 1. c. 553. This court will certainly not presume there were no debts owing by the estate of Mrs. Grey and act upon this presumption to the extent of holding that the heirs were the only parties interested in this debt the administrator is seeking to collect, and that they had divided it satisfactorily in the partition suit; nor can we hold that the plaintiff was required to prove that the estate owes debts. This, the administrator might or might not be able to do. The period for filing demands against the estate not having expired, possibly, the demands have not been presented and the administrator could well be in the dark as to the debts of his decedent; on the other hand, he, in good faith, might believe that she was indebted and it might turn out that she was not. The suit was in conversion and the fact whether or not the estate owed debts was not an issue in the case one way or the other. Mrs. Grey was not herself a party to the partition suit, nor was her estate a party thereto; her creditors, if any, through their representative, the administrator, were not parties. Then how could there have been any adjudication of this matter in that suit simply

because a portion of the parties, to-wit, the heirs of Mrs. Grey were parties to that record.

To make matters *res adjudicata* there must be a concurrence of the four conditions following: identity of the thing sued for; identity of the cause of action; identity of persons and parties to the action; identity to the quality of the person for or against whom the claim is made." State to the use v. Hollinshead, 83 Mo. App. 678; Winham v. Kline, 77 Mo. App. 36; Railroad v. Commissioners, 12 Kas. 127.

"The persons between whom a judgment or decree in a suit is conclusive in a subsequent suit are the parties to the prior suit and their privies, and as a general rule it is conclusive only between them. The mere fact that a person had an interest in the subject-matter of the prior suit will not render the judgment or decree therein conclusive upon him." 24 Am. and Eng. Ency. of Law (2 Ed.), p. 724.

Neither Mrs. Gray nor her creditors, who are represented by the administrator, were parties to the partition suit, therefore the proceedings therein could not affect the right of her estate to recover in this action, unless the parties were in such privity as to preclude them.

"The term parties as used in connection with the doctrine of *res judicata* includes all who are directly interested in the subject-matter of the suit and have a right and are given an opportunity to make a defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment or decree, in case an appeal lies. Persons not having these rights, substantially, are regarded as strangers to the cause. A mere nominal party having no control of or interest in the suit is not bound by the judgment." 24 Am. and Eng. Ency. of Law (2 Ed.), p. 735.

The fact that Perkins in his individual capacity, prior to his appointment as administrator, as the husband of his wife, was a party to the original suit and

employed counsel for his wife, was in the court room and heard the decree read, could not preclude him under the rule above stated. "The judgment in a suit will not operate as an estoppel for or against a person participating in the prosecution or defense, if such person had no interest in the subject-matter of the litigation." 24 Am. and Eng. Ency. of Law (2 Ed.), p. 739. Certainly Perkins had no interest in the subject-matter of the partition suit.

Respondent contends that Perkins was at least privy to the partition proceeding and is therefore bound thereby. That would be immaterial, if he was privy there, as he was not acting in his individual capacity in this case but in his representative capacity as administrator. It is a fact that a prior adjudication is binding upon all parties in privity as well as all parties to the same cause of action between the same parties in a court of competent jurisdiction about the same subject-matter. Henry v. Woods, 77 Mo. App. 277; Cooley v. Warren, 53 Mo. 166; Mason v. Summers, 24 Mo. App. 174.

"The term privity denotes mutual or successive relationship to the same rights of property. The ground, therefore, upon which persons standing in this relation to the litigating party are bound by the proceedings to which he was a party is that they are identified with him in interest; and whenever this identity is found to exist, all are alike concluded." 24 Am. and Eng. Ency. of Law (2 Ed.), p. 746; Henry v. Woods, supra.

Certainly no one can claim that Perkins had "successive relationship to the same rights of property" as his wife and others in the partition suit. "Husband and wife are for most purposes distinct persons at law, and an adjudication in an action to which a wife is a party alone, and in which the husband is not a necessary party, neither binds him in a subsequent action, to which he is a party, nor can he avail himself of the benefit of the adjudication on the ground merely that he was

her husband." 24 Am. and Eng. Ency. of Law (2 Ed.), p. 750. "As to her separate property a judgment for or against a married woman in this State is. as effectual, as if she were sole." Nave v. Adams, 107 Mo. 415, 17 S. W. 958. Perkins was not a necessary party to the partition suit and was not a party to the case finally made up on the amended petition.

The decree in partition was not appealed from; the heirs all being parties thereto, it is conclusive on them, and in event there are no debts outstanding against the estate of Mrs. Grey, or in the event there will be moneys for distribution after paying the debts and expenses of administration, then the amount involved in this suit, or so much thereof as remains in the hands of the administrator, should be paid to the parties in accordance with the decree in partition.

Our conclusion is that the court erred in refusing instructions numbers one, three, four, five and six, asked by the appellant and in giving the peremptory instruction on the part of the respondent. There being no controversy on the facts, the judgment is reversed and the cause remanded with directions to the circuit court to enter judgment for the appellant for the amount sued for, to be dealt with as above indicated.

All concur.