C. F. BETZ, Appellant, v. MOORE-SHENKBERG GROCERY COMPANY, Appellee.

JUDGMENT: Conclusiveness—Different Actions for Same Negligence. A judgment holding one defendant not responsible in damages for a certain negligence, is not an adjudication of another action by the same plaintiff against *another* defendant (not in privity with the former defendant) for damages for the *same* negligence. Especially is such former judgment not an adjudication of the latter action when the latter action embraces an additional count *on contract.*

*Appeal from Woodbury District Court.*—C. C. HAMILTON, Judge.

JUNE 24, 1924.

ACTION to recover damages. Verdict for defendant by direction of the court. Plaintiff appeals.—*Reversed.*

*Farr, Brackney & Farr* and *Jepson, Struble, Anderson & Sifford,* for appellant.

*Free & Pickus* and *Henderson, Fribourg & Hatfield,* for appellee.

STEVENS, J.—The petition in this action is in two counts. In one count appellant, as lessor, seeks to recover damages for injury to a building leased to appellee, and in the other, to recover upon covenants of the lease for the failure of the lessee to return the premises, at the expiration of the lease, in as good condition as they were in when the term began. The particular provision of the lease relied upon is as follows:

"And the party of the second part covenants with the party of the first part that he will keep the buildings, glass, gates, fences, etc., in as good repair as the same now is, or may at any time be placed in by the lessor, as the same shall require it, damage by superior force, inevitable necessity, or fire, or from any other cause than from the carelessness of the lessee or persons, of his family, or in his employ excepted * * * and that at the expiration of the term of this lease, or forfeiture thereof, he will yield up the premises to the party of the first part, without further notice, in as good condition as when the same were entered upon by the party of the second part, loss by fire, or inevitable accident and ordinary wear excepted."

The defenses pleaded, in addition to a general denial, were that the damages were the result of inevitable accident; and prior adjudication of the issues tendered. The plea of former adjudication is based upon a judgment entered in another action, in which appellant was plaintiff and one Bryant, who occupied the demised premises at the time an explosion occurred in a storeroom thereof, causing the damages to the building for the recovery of which the present action was instituted, was defendant. A brief recital of the facts will help to make clear the questions involved.

On or about November 6, 1913, appellant leased to one Enright the building in question, known as No. 2623 Pierce Street, Sioux City, Iowa, as a store building. Enright never entered into possession of the leased premises, but assigned the

lease to appellee, a corporation doing business in Sioux City. Bryant occupied the building under some arrangement .with appellee, whether as assignee of the lease or as a sublessee, the parties are not agreed. The rent during the term was paid to appellant by appellee. The evidence shows, however, that Bryant paid a monthly rental to appellee, as a part of his general account therewith.

On the 8th day of November, 1917, an explosion occurred in a storeroom where gasoline was kept, which did severe damage to the building. An action was commenced by appellant against appellee and Bryant jointly, to recover for the damages to the building. Before final judgment, the action was dismissed, and separate actions instituted against the same parties. The action against Bryant was in tort, and the action against appellee, as already stated, is in tort, and also upon the covenants of the lease. A trial of the action against Bryant resulted in a verdict in his favor. It is this judgment which appellee relies upon to constitute an estoppel in the case before us.

Avoidance of this plea is sought by appellant upon the theory that two of the elements essential thereto are lacking: that is, identity of parties and identity of issues and causes of action. That there is not identity of parties is apparent; but this is not necessary where the action is between one of the parties and those in privity with the other. *Goodenow v. Litchfield*, 59 Iowa 226; *Campbell v. Ayres*, 18 Iowa 252; *In re Dille*, 119 Iowa 575; *School Township v. Independent School Dist.*, 134 Iowa 349; *Watson v. Richardson*, 110 Iowa 698; Black on Judgments (2d Ed.), Section 500.

"Privies are said to be 'persons connected together, or having a mutual interest in the same action or thing, by some relation other than that of actual contact between them; persons whose interest in an estate is derived from the contract or conveyance of others.' " *Woodward v. Jackson*, 85 Iowa 432; Black on Judgments (2d Ed.), Section 549; *Beh v. Bay*, 127 Iowa 246.

The cause of action stated in Count 2 of appellant's petition is identical with the cause of action tried in the case against Bryant. Both actions arose out of the explosion in the storeroom of the leased building. The evidence shows that Bryant

owned a stock of groceries in the building, and conducted the business in his own name. Appellant knew he was in possession of the storeroom, but testified that he never talked with him as to whether he was the assignee, subtenant, or employee of appellee. Bryant did not pay rent to appellant, and we find nothing in the record tending to show that the latter knew from whom, or upon what terms, Bryant was permitted to occupy the building. Appellant's cause of action against Bryant was predicated upon negligence in permitting the explosion, with the consequent damage to the building. It was not based upon the lease. This is clearly shown by the copy of the petition which was introduced in evidence upon the trial of the present action. Not all of the evidence upon the trial of the other action is before us. Appellant introduced some of the evidence offered upon the other trial, in the form of depositions or from a transcript of the shorthand notes. The shorthand notes, but not a transcript thereof, were introduced by appellee upon the trial below; but they have not been transcribed, and the evidence is not included in the record before us. Sufficient, however, is disclosed to indicate clearly that the evidence as to the origin of the explosion and of the damages to the building was substantially identical upon both trials.

It is clear from the foregoing statement that, in so far as appellant's cause of action sounded in tort, it was the same cause of action which he sought to maintain against Bryant. There is lacking, however, identity of parties; nor were they privies, within any definition of that term with which we are familiar. There was no succession of relationship by deed or operation of law, or to the same rights of property. Black on Judgments (2d Ed.), Section 549; *Old Dominion Copper M. & S. Co. v. Bigelow,* 203 Mass. 159 (89 N. E. 193); *Gerber Co. v. Thompson,* 84 W. Va. 721 (100 S. E. 733); *Perkins v. Goddin,* 111 Mo. App. 429 (85 S. W. 936); *Atwell v. Shook,* 133 N. C. 387 (45 S. E. 777); *Hungate v. Hetzer,* 83 Kan. 265 (111 Pac. 183); 3 Words & Phrases (2d Ser.) 1217, "Privy."

If the doctrine of estoppel has any application to the facts of this case, it must be predicated upon the theory of the law which seeks to prevent a party who has had one fair trial upon a question of fact from again drawing it into controversy. This

rule is applied in *Taylor v. Sartorious,* 130 Mo. App. 23 (108 S. W. 1089), and *Hill v. Morse,* 61 Me. 541; but we have no precedent in this state so applying it. The mere fact that Bryant and appellee were interested in defeating separate actions based upon the same claim of appellant by proof of the same facts does not make them privies.

This question is not, however, of major importance in this case. There is also lacking identity of issues and causes of action. The cause of action stated in Count 1 of the petition is based upon an alleged breach of the covenants of the lease,— that is, the covenant to return the property to appellant at the close of the term in as good condition as it was in when the same was entered, loss by fire, inevitable accident, and ordinary wear excepted. It is not denied that the building was badly damaged by the explosion, and that appellant was compelled to expend a considerable sum in its repair. The cause of action upon this count arises out of a breach of the covenant, although appellant alleged that the damages resulted from the negligence of appellee.

Appellant tried the case below upon the theory of the burden of proving that the damages to the building were caused by the negligence of appellee; and we have no occasion to discuss the subject of the burden of proof, although counsel in argument refer to it.

The motion to direct a verdict was sustained upon the plea of estoppel, and also upon the ground that the evidence was insufficient to sustain a verdict for the plaintiff. As to the latter ground, we think the evidence sufficient to carry the case to the jury. This point is not urged in the argument of counsel.

It is our conclusion that the court committed error in directing the jury to return a verdict in favor of appellee.—*Reversed.*

ARTHUR, C. J., DE GRAFF and VERMILION, JJ., concur.