(March 11, 1905.)

## SCHULER v. FORD.

[80 Pac. 219.]

PARTIES AND PRIVIES TO A JUDGMENT ARE BOUND THEREBY—WHO ARE PRIVIES.

1. A judgment is conclusive, not only upon those who were parties to the action, but also upon all persons who are in privity with them.

2. A party in possession of land under contract to purchase is not in privity with the party who contracted to sell in the sense that he will be bound by the judgment affecting such property where the action was commenced subsequent to the entering into such contract.

(Syllabus by the court.)

APPEAL from the District Court in and for Washington County. Honorable Geo. H. Stewart, Judge.

Action adversing patent proceedings for title to mining property and to quiet title to an undivided interest claimed by plaintiff. Judgment for defendants, from which judgment and an order denying a new trial plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

Alfred A. Fraser, for Appellant.

The defendant in this case, in order to recover, must do so upon the theory that he was a *bona fide* purchaser of this prop-

erty without notice of the equities of these plaintiffs at the time he made the purchase; or else he must prove title by adverse possession against the defendants. The evidence in the case clearly shows that he was not an innocent purchaser of the property, as he had notice, even according to his own statement, of the equities of this plaintiff prior to the time he paid the purchase money. (*Eversdon v. Mayhew,* 65 Cal. 163, 3 Pac. 641.) To entitle a party to protection, as such a purchaser, he must aver and prove the possession of his grantor, the purchase of the premises, the payment of the purchase money in good faith, and without notice, actual or constructive, prior to and down to the time of its payment; for if he had no notice, actual or constructive, at any moment of time before the payment of the money, he is not a *bona fide* purchaser. (*Boone v. Chiles,* 10 Pet. 210, 213, 9 L. ed. 400; *Wallyn v. Lee,* 9 Ves. Jr. 32; *Scott v. Umbarger,* 41 Cal. 419; *Taylor v. Ranney,* 4 Hill, 624; *Wells v. Morrow,* 38 Ala. 128; *Pearce v. Foreman,* 29 Ark. 568; *Wilhoit v. Lyons,* 98 Cal. 413, 33 Pac. 335; *County Bank v. Fox,* 119 Cal. 64, 51 Pac. 11; *Trice v. Comstock,* 115 Fed. 765.) In *Davis v. Ward,* 109 Cal. 189, 50 Am. St. Rep. 29, 41 Pac. 1010, the rule is there stated that where a purchaser pays only a part of the purchase price before receiving notice of the equities of another in the property, that he will be protected only to the amount of the purchase price which was paid before receiving notice of such equities, and that he is not an innocent purchaser of the property if he receives notice before final payment is made. (*McCauley v. Smith,* 132 N. Y. 524, 30 N. E. 997; *Smith v. Schweigerer,* 129 Ind. 363, 28 N. E. 696; *Lindsay v. Freeman,* 83 Tex. 259, 18 S. W. 727; *Brinton v. Scull,* 55 N. J. Eq. 747, 35 Atl. 843; *Watson v. Sutro,* 86 Cal. 500, 24 Pac. 176; *Williamson v. Brown,* 15 N. Y. 359.) Adverse possession cannot be claimed under a contract or bond for the purchase of real estate. (2 Wood on Limitations, 2d ed., sec. 260, p. 649.) The judgment introduced in evidence in this case is conclusive between these plaintiffs and the defendant, George Wirtz, as the court in the state of Washington acquired jurisdiction of the said Wirtz. And the rule is well settled that the judgment of a sister state can only be inquired

into on the question of jurisdiction.    (2 Story's Equity Juris-
prudence, secs. 895, 895a; *United States v. Throckmorton*, 98
U. S. 61, 25 L. ed. 93, and cases there cited.)    Counsel for
plaintiffs contend that under the facts in this case and the law as
herein set forth, that they have a claim for a one-sixth interest in
the Summit Mine superior to any title that the defendant, E.
D. Ford, may have by reason of the bond to purchase said prop-
erty, and upon which he had paid out no money prior to re-
ceiving notice of the claim of these plaintiffs.    Possession of
real property, under an executory contract, is not such posses-
sion as will constitute an adverse possession within the statute.
(2 Wood on Limitations, 2d ed., sec. 260, p. 649; *Gilbert v.
Sleeper*, 71 Cal. 290, 12 Pac. 172.)

W. E. Borah, for Respondents.

We call attention to the fact, in the first place, that this con-
tract of purchase was made July 27, 1897, and possession
of the property taken thereunder some nine months previous
to the commencement of the suit in the state of Washington.
The holder of this contract of purchase and their successors in
interest had therefore acquired their interest, their property
right, long prior to the commencement of the suit.    They could
not be deprived of their right to purchase, of their property
right, without their day in court.    While the judgment might
establish, as between the plaintiffs in said suit and Wirtz, that
the said Wirtz had no title and no right to sell said property,
yet upon this question the defendants having a contract of pur-
chase would be entitled to be heard.    As we understand the
law, the parties claiming an interest in this property cannot
be in any manner affected by the judgment to which they were
not parties or in privity with anyone who was a party, and they
are not in privity with anyone unless they acquired their inter-
est from that party subsequent to the commencement of the suit;
neither would they be in privity with the estate unless they ac-
quired their interest in the estate or property subsequent to the
commencement of the suit.    One cannot be a privy in an es-
tate under a judgment or decree unless he derived his title to
the property in question subsequent to and from some party

who is bound by said judgment or decree. (Herman on Estoppel, secs. 145, 146, pp. 155, 156; *Barrel v. Title etc. Co.,* 27 Or. 77, 39 Pac. 992; *Coleman v. Hunt,* 77 Wis. 263, 45 N. W. 1085; *Chester v. Bakerfield etc. Assn.,* 64 Cal. 42, 27 Pac. 1104.) Every person is entitled to his day in court before his rights can be concluded by its judgment, and until a person is made a party to a suit and is offered a reasonable opportunity of being heard, the court has no right to devest him of his vested right. (1 Herman on Estoppel, sec. 182, p. 201, secs. 185, 186, pp. 205, 206; *McCoy v. McCoy,* 29 W. Va. 794, 2 S. E. 809.) A judgment in an action to recover real property operates as an estoppel or *res judicata* as to all those in the case served with process of the court therein and as to all parties claiming under them who acquired their interest subsequent to the bringing of the suit. (*Provident etc. Co. v. Marks,* 6 Kan. App. 34, 49 Pac. 625; *Lattie v. Holiday,* 27 Or. 175, 39 Pac. 1102; *Williams v. Sutton,* 43 Cal. 65; 2 Jones on Evidence, sec. 603.) Persons not parties to a suit and in possession before it was brought, or those claiming under them, could not be ousted of their possession because their distinct title had not been tried. (*Sampson v. Ohlyer,* 22 Cal. 207; *Moulton v. McDermott,* 93 Cal. 660, 29 Pac. 259; *Ex parte Reynolds,* 1 Caines, 500; *Campbell v. Hall,* 16 N. Y. 575; *Hart v. Moulton,* 104 Wis. 349, 76 Am. St. Rep. 881, 80 N. W. 600; *Coles v. Allen,* 64 Ala. 105; *Winslow v. Grindal,* 2 Greenl. 64; *Powers v. Heath,* 20 Mo. 319; *Bartero v. Real Estate Sav. Bank,* 10 Mo. App. 76.) The principles for which we are contending "are fundamental; that in order that a judgment be binding upon a party he must either be a party to it or privy to someone who was a party, and in order to be such he must have acquired an interest in the property subsequent to the commencement of the suit." (24 Ency. of Law, 2d ed., pp. 746-748; *Sorenson v. Sorenson* (Neb.), 98 N. W. 837; *Hays v. Marsh,* 123 Iowa, 81, 98 N. W. 605; *Keokuk etc. Ry. Co. v. Scotland County,* 152 U. S. 317, 14 Sup. Ct. Rep. 608, 38 L. ed. 457; *Carroll v. Goldschmidt,* 83 Fed. 508, 27 C. C. A. 566; *Austin v. Hoxsie* (Fla.), 32 South. 878; *Garrison v. Savignac,* 25 Mo. 47, 69 Am. Dec. 448; *Georges v. Hufschmidt,* 44 Mo. 179;

*State v. Cin. Co.,* 66 Ohio St. 182, 64 N. E. 68; 2 Black on Judgments, secs, 549, 600; 1 Freeman on Judgments, sec. 154; *Bensinur v. Fell,* 35 W. Va. 16, 29 Am. St. Rep. 774, 12 S. E. 1078; *Henry v. Wood,* 77 Mo. 281; *Koontz v. Kaufman,* 31 Mo. App. 409, 14 S. W. 307; *Winston v. Starke,* 12 Gratt. 317; *Bradford v. Knowles,* 78 Tex. 109; *Boling v. Howell,* 93 Ind. 320; *Ellis v. LeBow,* 96 Tex. 532, 74 S. W. 528.)

### STATEMENT OF FACTS.

The history of the transaction covered by this case and material to be considered in its determination are covered by the findings of fact made and filed by the trial judge, and are as follows:

1. "That upon the twenty-third day of April, 1898, an action was commenced in the superior court of the state of Washington, in and for the county of Spokane, by Nathan Toklas; H. W. Bonne, Ed. Erp. Brockhausen, C. J. Kemp, and Harry E. Schuler were plaintiffs, and Geo. Wirtz, John Welch, E. D. Ford, John Henderson, Joseph Phillips and the Traders' National Bank of Spokane, Washington, were defendants; that neither John Welch, F. D. Ford, John Henderson nor Joseph Phillips were served with summons or process in said action, and neither of them appeared in said action at any time by attorney or otherwise; that said cause was tried October 19, 1898, as against the defendant, George Wirtz; that findings of fact, conclusions of law and decree were entered, said decree bearing date February 16, 1900; that according to said decree it was recited and decreed *inter alia* 'that this cause was dismissed as to the defendants, John Welch and E. D. Ford, John Henderson and Joseph Phillips without prejudice,' and it was further decreed in substance that the plaintiffs were entitled to a decree for an undivided two-thirds interest in a one-fourth interest in the Summit mining claim, situated in Mountain View mining district, Washington county, Idaho. That said suit was appealed to the supreme court of the state of Washington and said decree was affirmed February 1, 1902. That thereafter a commissioner's deed was made under said decree for the two-thirds interest of said undivided one-fourth interest, which deed bore date February 20, 1900."

2. "That on June 27, 1893, Joseph Phillips and John Henderson, who were then and there citizens of the United States, over the age of twenty-one years, located a certain mining claim in Mountain View mining district, Washington county, Idaho, to wit, the Summit mining claim; that on April 19, 1897, said Joseph Phillips and John Henderson sold and conveyed said mining claim to George Wirtz and John Welch, and that said deed was duly recorded on the twenty-third day of April, 1897, with the recorder of Idaho county; that on July 27, 1897, George Wirtz and John Welch, who were then and there in possession of said Summit mining claim, entered into a contract to sell and convey said mining claim and all thereof to C. E. Page, which contract has been introduced in evidence as defendants' exhibit "A." That said contract was shortly thereafter assigned to E. D. Ford; that there was paid on said contract to George Wirtz, on or about November 1, 1897, the sum of $200, and that there has been paid upon the same altogether about $2,000. That said contract covered other claims, and that the entire amount to be paid thereunder was $40,000. That E. D. Ford went into possession of the said Summit mining claim immediately after the execution of the said contract, and not later than November 1, 1897, and, together with his associates under said contract and successors in interest, have been in possession of said mining claim ever since, and have expended large sums of money in working and developing said claim. That said contract of purchase under date of July 27, 1897, is still in force and effect, the time of payment having been extended and the sum of about thirteen or fourteen thousand dollars yet being due for said undivided one-fourth interest."

3. "That neither of the plaintiffs have at any time been in possession of said Summit mining claim prior to the commencement of this suit."

4. "That E. D. Ford acquired his interest in said property by virtue of said contract, and his right to purchase the same and his possession of said Summit mining claim under said contract long prior to the commencement of this action upon the part of the plaintiffs in the state of Washington as aforesaid."

5. "That George Wirtz and John Welch have at all times herein mentioned been citizens of the United States, over the age of twenty-one years, and citizens of the state of Idaho since 1894. That E. D. Ford is a citizen of the United States, and has been a citizen of the state of Idaho and a resident of the state of Idaho since June 1, 1898. That the defendant is a corporation organized and existing under and by virtue of the laws of the state of Colorado, and that since October 18, 1899, has maintained its agent upon whom process could be served, within the state of Idaho, in conformity with the laws of the state of Idaho."

As conclusions of law from the foregoing facts, the court found:

1. "That these defendants were in no wise bound or affected in their rights by the judgment or decree rendered in said cause heretofore referred to in the state of Washington, and that the said judgment or decree was wholly inoperative as to these defendants and their rights under the contract of purchase and their right to the possession of the Summit mining claim or any part thereof."

2. "That the plaintiffs can take nothing by this cause of action, and that the defendants are entitled to judgment for costs and disbursements herein, and it is ordered that judgment be entered accordingly."

AILSHIE, J. (After Making Foregoing Statement).—The only question necessary for our determination in this case is whether or not the defendant Ford was bound by the judgment of the Washington court of February 16, 1900, in case of *Toklas et al. v. Wirtz et al.* Before considering that question it should be observed that the contract under which Ford acquired his interest in the property was entered into prior to the commencement of the action in the Washington court, and his entry into possession of the property was also prior to that date. It is also a conceded fact in this case that the plaintiffs in the action commenced in the Washington court had actual notice of the interest claimed in the property by Ford, as well as the constructive notice which was imparted by his posses-

sion of the property at that time. It is admitted, on the other hand, by Ford's counsel, that he is not a *bona fide* purchaser within the meaning of the law of the interest claimed by him, for the reason that he had not made full payment of the purchase price prior to the commencement of that action.

The general rule of law applicable to a case of this kind is stated by Black on Judgments, volume 2, section 549, as follows: "It is well settled that a judgment is conclusive, not only upon those who were actual parties to the litigation, but also upon all persons who are in privity with them." This we understand to be the correct rule of law upon the subject. There is no question in this case but that the appellant, Ford, was not a party to the action wherein the judgment and decree was obtained in the Washington court. The only question, therefore, remaining to be determined is: Was he a privy to the judgment or in privity with the defendant Wirtz in that action? Freeman on Judgments, volume 1, section 162, fourth edition, in discussing the question as to who are parties privy, says: "It is well understood, though not usually stated in express terms in works upon the subject, that no one is privy to a judgment whose succession to the rights of property thereby affected occurred previously to the institution of the suit."

In 24 American and English Encyclopedia of Law, second edition, page 746, it is said: "Every person is privy to a judgment or decree who has succeeded to an estate or interest held by one who was a party to such judgment or decree, if the succession occurred after the bringing of the action. But in order that privity shall exist, the succession must have occurred after the institution of the suit. One who succeeded to the right of property of a party prior to that time, is not in privity with him and is not concluded by the judgment." (*Dull v. Blackman,* 169 U. S. 243, 18 Sup. Ct. Rep. 333, 42 L. ed. 733.)

In *Shay v. McNamara,* 54 Cal. 174, the court, in determining whether certain parties were privy to a judgment which had been introduced against them, said: "This was the origin of whatever interest the Johnsons acquired under the Kellys; and having originated before the commencement of the suit of

*Morgans v. Kelly,* it follows that they are unaffected by the judgment in that case; for only those are privies whose interest in the subject matter of the suit originated subsequent to its commencement."

*Weed Sewing Machine Company v. Baker,* 40 Fed. 56, was an action in some respects similar to the one under consideration, and it was there held that: "A party in possession of land, claiming an interest as purchaser, or under a contract to purchase, is not in privity with his grantor. On the contrary, his claim is adverse to his grantor, and it must follow that he is not bound by a decree against the latter in a case to which he is not a party and rendered in a suit commenced after he purchased and took possession."

In *Seymour v. Wallace,* 121 Mich. 402, 80 N. W. 242, the supreme court of Michigan, in determining to what extent a party was bound by a judgment to which he was not made a party, quoted with approval from *Coles v. Allen,* 64 Ala. 105, the following language: "No alienee, grantee, or assignee is bound or affected by a judgment or decree rendered in a suit commenced against the alienor, grantor, or assignor, subsequent to the alienation, grant, or assignment; for the plain reason that otherwise his rights of property could be devested without his consent, and the fraud or laches of the grantor could work a forfeiture of estates he had created by the most solemn conveyances. Whatever may be the force and effect of the judgment or decree against the grantor, if it is sought to be used to the prejudice of the grantee, there must be independent, distinct evidence of the facts which authorized its rendition." (*Stone v. Stone,* 179 Mass. 555, 61 N. E. 268; *Hart v. Moulton,* 104 Wis. 349, 76 Am. St. Rep. 881, 80 N. W. 600; *Cypreanson v. Berge,* 112 Wis. 260, 87 N. W. 1081; *Coles v. Allen,* 64 Ala. 105; *Sorenson v. Sorenson* (Neb.), 98 N. W. 337.)

The judgment in *Toklas et al. v. Wirtz et al.,* having been rendered by a court which had no jurisdiction over the property situated in this state, became merely a judgment *in personam,* and was only binding upon those reached by personal service. (*Freeman v. Alderson,* 119 U. S. 185, 7 Sup. Ct. Rep. 165, 30 L. ed. 372; *Dull v. Blackman,* 169 U. S. 243, 18 Sup. Ct. Rep. 333, 42 L. ed. 733; *Pennoyer v. Neff,* 95 U. S. 723, 24 L. ed.

565.) The plaintiff in the Washington court, appreciating this fact, dismissed his action as to Ford and all other defendants on whom he failed to get personal service. The "full faith and credit" commanded by section 1 of article IV of the federal constitution to be given by each state to the judicial proceedings of every other state does not mean that such proceedings shall be given any greater "faith and credit" in a sister state than they would be accorded in the state where taken. If the judgment of *Toklas et al. v. Wirtz et al.* had been rendered in this state and the interest claimed by Ford had been acquired subsequent to the entry of that judgment, or subsequent to the filing of a *lis pendens* in the proper office, then Ford would be a party privy to Wirtz, his grantor, and bound by the judgment. The judgment, we apprehend, would have had the same effect in Washington had the property been situated in that state. But when Ford secured his contract and entered into the possession of the premises no action was pending. After Wirtz had contracted to part with his title, he might have lost interest in defending a title which he had agreed to part with, and especially would this be true where but little remained due on the contract price and the grantor was thriftless and execution proof against any possible judgment for damages. In the latter case the law will not leave open so wide a door for fraud and injustice, but will allow the party acquiring such a property right his day in court to contest the claim on which a recovery is sought. The right acquired by Ford under his contract of July 27, 1897, became a property right; but under the contract for purchase, Ford did not become a party privy to an action subsequently instituted against his grantor and to which he was not made a party. There was no error in the conclusion reached by the trial judge, and the judgment will therefore be affirmed. Costs awarded to respondent.

Stockslager, C. J., and Sullivan, J., concur.