CALCULAGRAPH CO. v. AUTOMATIC TIME STAMP CO. et al.

(Circuit Court, S. D. New York. April 9, 1907.)

No. 9,548.

JUDGMENT—PERSONS CONCLUDED—PRIVIES.

A decree in favor of the defendant in a suit for infringement of a patent brought after the defendant had been succeeded in business by a corporation is not a bar to a second suit against the corporation which continued the alleged infringement, but was not made a party to the first suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1148, 1203.]

In Equity. On merits of plea.
See 149 Fed. 436.

Edwin J. Prindle, for complainant.
Frederick L. Emery and Charles S. Jones, for defendants.

HAZEL, District Judge. This is a suit for infringement of the Abbott and Hamilton patents. The question for decision arises on a plea in bar on the ground of res adjudicata. The record shows that one Wilson was individually engaged in business under the name of the Automatic Time Stamp Company, and on April 1, 1903, before the commencement of an action against him in the First Circuit for infringement of the patents in suit, he was succeeded in business by the defendant the Automatic Time Stamp Company, a corporation. He was charged in the bill with infringement, and a recovery for profits and damages was sought for the time only that he was individually engaged in business. The corporation was not made a party to such action, although the alleged infringement continued during the pendency of the action against Wilson. Under the facts of this case I am of opinion that the judgment of the First Circuit does not preclude the present suit or operate as a bar thereto. The defendant corporation was not bound by the former decree against Wilson, its president. Had the complainant succeeded on appeal, the decree would not in my judgment have bound such corporation. The authorities so hold, and the citation of a few will be sufficient. Bate Refrigerating Co. v. Gillett et al. (C. C.) 30 Fed. 685. In Carroll v. Goldschmidt et al., 83 Fed. 508, 27 C. C. A. 566, Judge Wallace held that judgments are binding upon privies as well as upon parties, but he says only those

are privies who acquire their interest in the subject-matter of the action subsequent to its commencement. The court quoted from Ingersoll v. Jewett, 16 Blatchf. 378, Fed. Cas. No. 7,039, saying:

"No one is privy to a judgment whose succession to the rights of property thereby affected occurred previously to the institution of the suit."

The record does not show that this defendant in any manner controlled or contributed to the defense in the former suit (Lane v. Welds, 99 Fed. 286, 39 C. C. A. 528), and from excerpts in complainant's brief on the former trial it appears that the individual liability of Wilson was strenuously pressed notwithstanding the sale of his business to the corporation.

The plea is overruled, with costs as to both defendants. Leave is granted defendants to answer within 20 days.