TOLLIVER et ux. v. GREAT NORTHERN RY. CO.

(Circuit Court of Appeals, Ninth Circuit.   May 22, 1911.)

No. 1,914.

DEEDS (§ 116*)—ESTOPPEL (§ 38*)—COVENANT OF WARRANTY—AFTER-ACQUIRED TITLE—PRIVIES.

One who was at the time without title sold and conveyed to complainant rights in a spring located on school land belonging to the state of Washington, the deed, which was recorded, containing a covenant of warranty. He afterward contracted for the purchase of the land from the state, and assigned his contract to defendants who obtained title. *Held* that, both at common law and under Bal. Ann. Codes & St. Wash., § 4538a, which provides that whenever any person having sold and conveyed by deed lands to which he had no title shall acquire title to such lands the same shall inure to his grantee, defendants acquired no greater rights than their assignor with whom they were in privity and were estopped to deny complainant's title to the water rights purchased from their assignor.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 330; Dec. Dig. § 116;* Estoppel, Cent. Dig. §§ 99–107; Dec. Dig. § 38.*]

Appeal from the Circuit Court of the United States for the Eastern Division of the Eastern District of Washington.

In Equity. Suit by the Great Northern Railway Company against W. H. Tolliver and Sophronia Tolliver, his wife. Decree for complainant, and defendants appeal. Affirmed.

This is a suit by appellee against appellants to enjoin the latter from claiming property in, or in any way interfering with, the former's right to an appropriation and diversion of water through and sufficient to fill a four-inch pipe or conduit leading from a certain spring, known as "Egbert Springs," in Grant county, state of Washington, to a water tank at Ephrata Station, in said county, for use in the engines of the former in operating its trains. The appellee, or the plaintiff in the original suit, derives its right and title from the St. Paul, Minneapolis & Manitoba Railway Company. The spring

---

*For other cases see same topic & § NUMBER in Dec & Am. Digs. 1907 to date, & Rep'r Indexes

is located on the N. W. ¼ of the N. E. ¼ of section 16, township 21 north, range 26 east, being a school section granted to the state of Washington when it was admitted into the Union as a state. One J. F. Beazley, supposing that the spring was located upon his land, while in fact it was not, with his wife, on August 23, 1892, conveyed, for a consideration of $2,500, to the St. Paul, Minneapolis & Manitoba Railway Company an easement over and across his land to the spring for the location of a three-inch pipe line, for conducting water to its water tank at Ephrata, and in conformity therewith the pipe line was so located and constructed. This conveyance was duly recorded in the office of the auditor for Grant county August 24, 1892. On September 29, 1899, one Jesse Cyrus, without ownership in the land upon which the spring is situated, for the consideration of $500, executed a conveyance to the St. Paul, Minneapolis & Manitoba Railway Company, whereby he granted and conveyed to said railway company the right to enlarge the capacity of the supply pipe from a diameter of three inches, as granted to the company by deed of conveyance from J. F. Beazley, to one of four inches, together with the right to so much of the water of Egbert Springs as will naturally flow through said four-inch pipe, the water to be used by the company for railway purposes only. The grant contains the following covenant of warranty: "To have and to hold the same, together with all the rights, privileges and appurtenances thereunto belonging to the said party of the second part, its successors and assigns forever. And the said party of the first part, for himself, his heirs, administrators and assigns, does covenant to and with the said party of the second part, its successors and assigns, that he is well seised in fee of said water rights and privileges and has the right to convey the same, and that the same are free from all incumbrances, and the above granted water rights and privileges in the quiet enjoyment and peaceable possession of the said party of the second part, its successors and assigns, in perpetuity against all persons lawfully claiming or to claim the whole or any part thereof, the said party of the first part will forever warrant and defend." This deed was duly recorded October 10, 1899. On October 27, 1905, Jesse Cyrus entered into an executory contract with the state of Washington for the purchase of the tract above described upon which Egbert Springs are situated. On February 20, 1908, Cyrus assigned all his right, title and interest in his contract of purchase to W. H. Tolliver, one of the defendants in this suit, and on the 25th of the same month Tolliver acquired a deed from the state. On October 26, 1909, Tolliver instituted an action in the state court against plaintiff herein, to recover damages on account of the location of the pipe, thereby seeking to oust the plaintiff from the land, and to enjoin it from further use of the water from the spring. That case was removed to the Circuit Court of the United States, and the present suit seeks as well to enjoin that proceeding until the ownership of the water right is determined. These facts appear in the bill and answer, and, the cause having been set down for hearing on such bill and answer, the Circuit Court decided against appellants; hence this appeal.

Poindexter & Moore and C. C. Bryant (O. C. Moore, of counsel), for appellants.

L. F. Chester and William A. Monten, for appellee.

Before GILBERT and MORROW, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge (after stating the facts as above). In the view we take of the cause, there is but one question necessary to be determined, which is whether the defendants are, because of the record, estopped to deny the plaintiff's title. We think they are. Section 4538a, Ballinger's Ann. Codes & Stat. of Washington, provides as follows:

"Whenever any person or persons having sold and conveyed by deed any lands in this state, and who, at the time of such conveyance, had no title to

such land, and any person or persons who may hereafter sell and convey by deed any lands in this state, and who shall not at the time of such sale and conveyance have the title to such land, shall acquire a title to such lands so sold and conveyed, such title shall inure to the benefit of the purchasers or conveyee or conveyees of such lands to whom such deed was executed and delivered, and to his and their heirs and assigns forever. And the title to such land so sold and conveyed shall pass to and vest in the conveyee or conveyees of such lands, and to his or their heirs and assigns, and shall thereafter run with such land."

This rule is merely declaratory of the law as it existed previous to and independent of statute. Gough v. Center, 57 Wash. 276, 106 Pac. 774. And it was held in that case that "A title obtained through mortgage foreclosure is no exception to the rule."

It is urged that there does not exist such relationship, through privity of estate or title, as renders the rule applicable under the facts and record here found. "Privies" are defined (32 Cyc. 388), among others, as:

"All who have mutual or successive relationship to the same rights, * * * persons whose interest in an estate is derived from the contract or conveyance of others; * * * those who have mutual or successive relationship to the same right of property or subject-matter; those whose relationship to the same right of property is mutual or successive."

Now, Tolliver succeeded to whatever right or interest Cyrus had or possessed in or to the land upon which Egbert Springs were situated, and to the water flowing from the springs, so that the right of property was both mutual and successive. Suppose Cyrus had obtained the deed from the state, could any one deny that he would be estopped by his previous warranty although made prior to his entering into contract with the state for the land? How can it be, therefore, that Tolliver occupies any better position than his assignor? He claims, and must needs claim, through Cyrus, and he took by the assignment only what Cyrus had, burdened with the incumbrance that Cyrus' own acts created. He could acquire nothing more. But it is said that "A privy in estate is a successor to the same estate, not to a different estate in the same property." Pool v. Morris, 29 Ga. 374, 74 Am. Dec. 68, 70. The estates under consideration were a life estate and remainder, and of course they were distinct and not successive. But here the defendant Tolliver deraigns whatever interest he has through Cyrus, for he could not have a deed from the state but through his assignment from Cyrus. However this may be, if the relationship through privity is not exact and technical, there is a privity in substance and effect, and the law will look through form and technical persuasion to do justice between the parties. This case calls for such an application. The decree of the circuit court will therefore be affirmed, and it is so ordered.