(October 5, 1912.)

# BELLE S. SMITH, Appellant, v. HARRY S. KESSLER, ALBERT F. ISHAM and G. D. HOSELEY, Respondents.

[127 Pac. 172.]

JUDGMENT—RECORDING IN THE OFFICE OF THE COUNTY RECORDER—NOTICE OF JUDGMENT—PARTIES AND PRIVIES—RES ADJUDICATA.

(Syllabus by the court.)

1. Where a judgment is rendered in a court of competent jurisdiction determining the title to land as between K. and I., and it was alleged in the complaint that K. was the owner in fee of said land and that I. had no right, title or interest in or to said land, it was the duty of I. to set forth whatever right, interest or claim he had, if any, and upon his failure to allege or assert any right, title or interest under a tax deed held by said I. at the time said action was commenced, I. is bound by the judgment and he cannot thereafter, in an action involving the title, where he is made a party, assert such right, after such judgment was entered, as he is not in possession of or the owner of any right, title or interest in or to such property, unless such right be one acquired by I. subsequent to the entry of such judgment.

2. Every person is a privy to a judgment or decree who has succeeded to an estate or interest held by one who was a party to such judgment or decree, if the succession occurred after the bringing of the action, and privity to the judgment in such case implies a relationship by succession or representation between the party to the second action and the party to the prior action in respect to the right adjudicated in the first action.

3. Where K. brings an action to quiet title to real property, and alleges ownership, and it is also alleged that I. claims right, title or interest in said property, and at the time such action is commenced I. is the owner and holder by assignment of a tax sale certificate, and I. fails to set up in said action his right, title or interest by reason of his tax certificate, and a judgment is rendered in said action quieting the title in K. as against I., I. has no title, right or claim under said tax title which can be assigned to S. which can be asserted in an action, adverse to the rights of K.

4. Secs. 3149, 3150, 2066, 2067, 3159, 3160 and 3161 are recording statutes and relate to the recording of a judgment in the recorder's office in accordance with sec. 4454 of the Rev. Codes, and are for the purpose of giving notice to the world of such judgment

as affecting the title to or possession of real property. The failure to record a judgment recovered in a court of competent jurisdiction, having the effect of a lien on real property, with the recorder, does not prevent the judgment from becoming binding upon the property involved by such judgment, and also upon the parties to the suit and their privies, when entered as a judgment in a court of competent jurisdiction, and such a record of such judgment has the same actual and constructive notice to the parties and privies to the suit and serves the same purpose as is provided by the recording statutes above cited.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. John F. MacLane, Judge.

Action to quiet title. Judgment for defendant. *Affirmed.*

B. F. Griffith, for Appellant.

There is no question as to our good faith, lack of actual knowledge, and that we purchased for a valuable consideration; also our deed is first of record. The defendant has at no time shown a title of record, and there is no question that the judgment pleaded is not of record. (*Froman v. Madden,* 13 Ida. 138, 88 Pac. 894.)

Rights, claims or demands of the parties growing out of the the same subject matter, but which were not put in issue or adjudicated in the former action, are not barred by the judgment therein. (23 Cyc. 1172.)

Personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment creditors, or purchasers from them with notice of facts, are privies. (1 Greenleaf on Evidence, sec. 535; 1 Story, Eq. Jur., sec. 165.)

"The defendant would not be concluded by a judgment of which he had no notice, to which he was not a privy and against which he never had an opportunity to be heard." (*Seymour v. Wallace,* 121 Mich. 402, 80 N. W. 244; *McDonald v. Hannah,* 51 Fed. 75; *Stocker v. Kirtley,* 6 Ida. 795, 59 Pac. 891.)

James S. Bogart, for Respondents.

A party to a suit and all those in privity with him are bound by the judgment as duly rendered and entered by the clerk.

(*Schuler v. Ford,* 10 Ida. 739, 109 Am. St. 233, 80 Pac. 219, 3 Ann. Cas. 336; 23 Cyc. 1106, and cases cited.)

A judgment is conclusive and binding, not only upon the parties to the action in which it was rendered, but also upon persons who are in privity with them in respect to the subject matter of the litigation. (23 Cyc. 1253 et seq., and cases cited; *Riverside Land etc. Co. v. Jensen,* 108 Cal. 146, 41 Pac. 40; *Ward v. Dougherty,* 75 Cal. 240, 7 Am. St. 151, 17 Pac. 193.)

STEWART, C. J.—This is an action brought in the district court by the appellant against the respondent and others to quiet title to the northeast quarter of the southeast quarter of section 13, township 3 north, range 2 east of Boise meridian. Under the pleadings both parties claim to be the owner of said property. The cause was tried to the court, and findings of fact and conclusions of law were made and a decree entered in favor of the respondent. This appeal is from the judgment.

It appears from the record that Harry S. Kessler was the owner in fee in the year 1907 of the land described in the complaint; that such property was assessed for taxes for the year 1906, and such tax became delinquent, and on the 15th day of July, 1907, said land was sold for such taxes to one G. D. Hoseley, and on the 17th day of January, 1908, Hoseley assigned the tax certificate issued to him to A. F. Isham, and that on the 13th day of September, 1911, Isham sold and assigned said tax certificate to the appellant, Belle S. Smith, and on the 15th day of September, 1911, the appellant Belle S. Smith received a tax deed for said property.

At the trial of the cause the respondent offered in evidence, and the court admitted the same as evidence, the judgment-roll filed in the office of the clerk of the district court of Ada county on the 8th day of November, 1909, in an action brought by Harry S. Kessler, the respondent, against Albert F. Isham to quiet the title to the property described in the complaint in this action. This is assigned as error upon this appeal, and embraces the same questions presented by all other assignments of error.

Referring now to the judgment-roll admitted as evidence, we find the following: That in the complaint in that action it is alleged that Harry S. Kessler is the owner and in possession of, and claims title in fee to, the same premises described in the complaint in the present action; that it is alleged that the defendant is without any right whatever and has no estate, right, title or interest whatever in said land or premises or any part thereof, and prayer is made that the defendant be required to set forth the matter of his claim in and to said tract of land and all adverse claims in and to said tract of land set forth and described so that it may be determined by said decree, and that by said decree it may be adjudged that the defendant has no estate or interest in said land; that the defendant be barred from asserting any claim in said land.

Summons was issued and served and a default was entered in said cause against the defendant, Albert F. Isham, and a decree was rendered in favor of the respondent in accordance with the prayer of the plaintiff's complaint, and it was ordered, adjudged and decreed that plaintiff, Harry S. Kessler, is the legal and equitable owner of the land described in the complaint, and that "the northeast quarter of the southeast quarter of section 13, township 3 north, range 2 east of Boise Meridian, and the title thereto is hereby quieted and confirmed against the defendant and all persons claiming under him; and it is further adjudged and decreed that the defendant, Albert F. Isham, has no right, title or interest of, in or to the above-described tract of land, and he is hereby perpetually enjoined from asserting any claim or interest of whatsoever kind or nature adverse to the plaintiff."

This decree was filed on the 8th day of November, 1909. At that time A. F. Isham was the owner, as assignee from Hoseley, of the tax certificate issued to Hoseley upon his becoming the purchaser at the delinquent tax sale on July 15, 1907, which tax certificate was assigned to the appellant on September 15, 1911, one year, ten months and six days after the decree was entered, and upon which title the appellant rests in this case.

The question, is: Is the appellant in this case bound by the decree and judgment rendered on the 8th day of November, 1909, quieting the title to the property in question? That action was brought for the purpose of quieting the title to the land in controversy. Isham was made defendant; he held all the right, title and interest, acquired by the county and assigned through Hoseley to him, that accrued to the county upon the sale of said property at such tax sale, and to the extent of that interest and right he was interested in the claim made by the plaintiff in asserting his title, and in his claim that the title be quieted in that action. In that action he was notified that suit was brought to recover, and that a decree of the court quieting the title of the plaintiff in the property described was demanded, and that if he failed to appear and answer, the plaintiff would apply to the court for the relief demanded in the complaint, and by the complaint served with the summons he was notified that the appellant was seeking to have the title quieted, and that it was alleged in said complaint that the defendant claimed some right, title or interest in or to said land.

The general rule applicable to a case of this kind is announced by this court in the case of *Schuler v. Ford,* 10 Ida. 739, 109 Am. St. 233, 80 Pac. 219, 3 Ann. Cas. 336, in which this court quotes with approval from Black on Judgments as follows: "The general rule of law applicable to a case of this kind is stated by Black on Judgments, volume 2, section 549, as follows: 'It is well settled that a judgment is conclusive, not only upon those who were actual parties to the litigation, but also upon all persons who are in privity with them.' This we understand to be the correct rule of law upon the subject. There is no question in this case but that the appellant, Ford, was not a party to the action wherein the judgment and decree was obtained in the Washington court. The only question, therefore, remaining to be determined is: Was he a privy to the judgment or in privity with the defendant Wirtz in that action? Freeman on Judgments, volume 1, section 162, fourth edition, in discussing the question as to who are parties privy, says: 'It

is well understood, though not usually stated in express terms in works upon the subject, that no one is privy to a judgment whose succession to the rights of property thereby affected occurred previously to the institution of the suit.' ''

In the same case this court also quotes with approval from 24 Am. & Eng. Ency. of Law, 2d ed., p. 746, as follows: ''Every person is privy to a judgment or decree who has succeeded to an estate or interest held by one who was a party to such judgment or decree, if the succession occurred after the bringing of the action. But in order that privity shall exist, the succession must have occurred after the institution of the suit. One who succeeded to the right of property of a party prior to that time, is not in privity with him and is not concluded by the judgment.'' The general rule is also stated in 23 Cyc., p. 1253 et seq.

This rule, as applied to the facts of this case, is perhaps more specifically and clearly stated in *Stamp v. Franklin,* 144 N. Y. 607, 39 N. E. 634, as follows: ''Privity implies a relationship by succession or representation between the party to the second action and the party to the prior action in respect to the right adjudicated in the first action. When this exists the party in the second action is barred by an adjudication upon the right made in the first action. (Bigelow on Estoppel, 142 et seq.'' (See, also, *Wilson v. Davol,* 5 Bosw. (N. Y.) 619.)

So in the present case, there can be no question of the relationship by succession between Isham, the defendant in the former action, and the plaintiff in this action. Isham was a party to the suit brought by Kessler wherein title was asked to be quieted in Kessler, involving the same property involved in the present action. At the time the suit was brought and the judgment was rendered, Isham, the defendant, held the same tax title that is now set up and relied upon by the appellant in this action, and the appellant succeeded to that tax certificate as assignee from Isham. The appellant took the right, title and interest held by Isham by virtue of the tax sale certificate, no greater nor no less a title or interest in or to said land.

The general rule governing a judgment, in so far as barring a future action between the same parties or their privies, is that a judgment rendered by a court of competent jurisdiction upon the merits is a bar to any future suit between the same parties or their privies upon the same cause of action, in the same or any other court, so long as it remains unreversed or in any way vacated or annulled. (23 Cyc., p. 1160.)

The binding force of a judgment determining the title to land claimed by two persons is perhaps more distinctly and particularly implied in the case of *Riverside Land etc. Co. v. Jensen,* 108 Cal. 146, 41 Pac. 40, in which the court says: "The objection of defendant to the introduction in evidence of the judgment-roll in the action of *Riverside Land & Irrigation Company v. Cornelius Jensen* was properly overruled. That was an action brought by the plaintiff here against the testator and predecessor in interest of this defendant to quiet plaintiff's title to certain lands, including the premises in controversy in this action, and in which final judgment was entered quieting plaintiff's title to the land in suit. It was not required of plaintiff to plead said judgment in order to be entitled to prove it. The complaint was in the usual form and was sufficient . . . . ; and such an allegation would have been improper, as it is never necessary in such an action to plead deraignment of title. That is matter of evidence purely. While as a general rule it may be necessary to plead estoppel by former judgment, that rule does not apply when, as under our system, no opportunity is afforded the plaintiff to plead it. It had no proper place in the complaint, but plaintiff could not be precluded from the benefit of it as matter of evidence on that ground. He was entitled to give it in evidence with the same effect as if given an opportunity to plead it specially."

The court further on in the opinion says: "Nor did the court err in refusing defendant leave to amend her answer by setting up that the premises in dispute were included in the former judgment by mistake. Assuming that such defense could have availed defendant in avoiding the otherwise

conclusive effect of that judgment, there was an entire want of any such showing as would have justified the court in granting such leave.''

In the case of *Kessler v. Isham,* the title of Kessler as against Isham was the issue presented, and whatever title Isham had, he being made a defendant, it was his duty to set forth, if he had any, and he having failed to allege or assert any right, title or interest under the tax deed or under any other claim or source of title, he is bound by the judgment, and he cannot thereafter in an action involving the title, where he is made a party, assert such right, and after such judgment was entered he did not possess any right, title or interest in or to such property, which could be assigned or conveyed, and which could be made the basis of any right, title or interest, unless such right be one acquired by Isham subsequent to the entry of the judgment.

The appellant, however, urges that said judgment-roll was not notice binding upon the appellant, because the same was not placed on record in the office of the county recorder. In support of such contention the appellant relies upon secs. 3149, 3150, 2066, 2067, 3159, 3160 and 3161. Without taking up each of these sections separately and analyzing the same, it is sufficient to say that these sections belong to that branch of our statutory enactments relating to the recording laws of the state and relate to the duties of the officer in recording different instruments and judgments affecting the title to or possession of real property, and the certification and authentication of such instruments, and also to the notice that results from the recording of such instruments. None of these sections, however, declare or provide that the failure of a judgment creditor to file a judgment recovered in a court of competent jurisdiction, having the effect of a lien upon real property, and which is binding upon the property in such action, affecting all rights in such action, goes to the extent that the record of such judgment entered in the trial court and filed with the clerk of the court does not affect or give notice to the parties to said action or their privies as to their respective rights and title in and to said property adjudicated in said action. The same constructive notice is

Opinion of the Court—Stewart, C. J.

given to all parties, and their privies to an action, of the judgment when entered in a court having jurisdiction of the parties and the subject matter, as given when filed in the recorder's office, and has the same effect as constructive notice given when recorded under sec. 3149, Rev. Codes, and serves the very same purpose provided in that statute, and while such judgment may be filed as provided in said section, yet such judgment is just as effective, so far as binding the parties and privies to the suit and the property affected by the judgment as though it were filed, because the same purpose has been served and the constructive notice has been given.

Sec. 4454, Rev. Codes, provides: "The clerk must keep with the records of the court, a book to be called the 'judgment book,' in which judgments must be entered," and sec. 4457, Rev. Codes, provides: "Immediately after filing the judgment-roll, the clerk must make the proper entries of the judgment, under appropriate heads, in the docket kept by him, and from the time the judgment is docketed it becomes a lien upon all the real property of the judgment debtor, not exempt from execution, in the county, owned by him at the time or which he may afterward acquire, until the lien expires. . . . . "

This record is not only actual notice by reason of the fact that the parties to the action, named in the judgment, are parties to the judgment and therefore have actual notice; it is constructive notice, also, not only to those who are parties to the judgment, but also to those who are in privity with them, where it clearly appears that the party to be bound by such judgment has succeeded to the same right or title adjudicated by the judgment. If, then, in this case the judgment offered and received was properly admitted, there can be no question but that the judgment of the trial court was correct; and in our opinion, upon the record, there is no error in the judgment. The judgment is *affirmed.* Costs awarded to respondents.

Sullivan, J., concurs.

Ailshie, J., concurs in affirming the judgment.