GREEN et al. v. WAHL et al.

No. 16004—Opinion Filed Dec. 22, 1925.

Rehearing Denied May 11, 1926.

1. **Limitation of Actions—Recovery of Land Sold by Judicial Sale—Validity of Original Judgment—Effect.**

Paragraph 1 of section 183, Comp. St. 1921, in creating the limitation against the recovery of real estate sold on execution in a judicial proceeding, after five years from the date of the filing of the sheriff's deed to the purchaser, does not distinguish between void and voidable judgments which result in the sale and conveyance of the land.

2. **Same—Defective Process in Attachment Immaterial.**

The limitation created in paragraph 1 of section 183, supra, runs in favor of a sheriff's deed conveying real estate to the purchaser of the property sold at a judicial sale upon special order issued in an attachment proceeding. The right of the defendant in the attachment proceeding and those claiming under him to recover land sold in the attachment proceedings will be barred within five years from the date of the filing of the deed, although the affidavit to obtain service upon the defendant by publication and the publication notice to the defendant are so defective as to render the judgment void against the defendant in the main action and in the attachment proceeding.

3. **Same—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of plaintiff and Farmers National Bank of Tupelo, defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by E. H. Wahl for debt and foreclosure of real estate against E. D. Abney and wife, C. F. Green, Farmers National Bank of Tupelo, J. H. Morgan, First National Bank of Coalgate, W. H. Stevens, Byrne Statler, U. S. Cook Lumber Company, C. C. Stewart, Wm. Lane, Ream Abney and wife. Cross-action by C. F. Green in ejectment for possession of the land against E. D. Abney, mortgagor of plaintiff, and for quieting title. Cross-action by Farmers National Bank of Tupelo for foreclosure of mortgage junior to plaintiff. Judgment for plaintiff and for Farmers National Bank of Tupelo. C. F. Green and John H. Morgan bring error. Affirmed.

McKeown & Green, for plaintiffs in error.

Keaton, Wells & Johnston and C. T. Rawls, for defendant in error Wahl.

Robt. Wimbish and W. C. Duncan, for defendant in error Farmers National Bank of Tupelo.

Opinion by STEPHENSON, C. The First National Bank of Coalgate commenced its action for debt against John H. Morgan. An attachment order was issued out of the cause and levied upon real estate owned by the defendant. Service was had in the action upon the defendant by publication based upon an affidavit setting forth that the action arose upon a contract wholly within the state of Oklahoma, and that the defendant was a nonresident of the state, and that service could not be had upon the defendant in the state of Oklahoma. The trial of the cause on December 16, 1913, upon service by publication, resulted in a judgment against defendant for recovery of the debt and sustaining of the attachment. The real estate levied upon in the attachment proceeding was sold on special order of sale to Byrne Statler. The sheriff's deed conveying the property to the purchaser was filed for record in the county clerk's office on April 8, 1914. Byrne Statler conveyed the property by his warranty deed to E. D. Abney on September 12, 1918. E. D. Abney joined by his wife executed and delivered a mortgage upon the real estate to secure certain indebtedness to Gum Bros. on August 30, 1919. E. H. Wahl, who is plaintiff in this action, became owner of the note and mortgage for a valuable consideration before maturity. E. D. Abney joined by his wife executed and delivered their real estate mortgage to the Farmers National Bank of Tupelo, on January 24, 1920, to secure certain indebtedness owing by the mortgagors to the bank. J. H. Morgan undertook to con-

vey the same real estate and premises by his warranty deed to C. F. Green on April 14, 1920. E. D. Abney and his grantor had been in the actual possession of the premises at the time of the conveyance to Green from the date of the sheriff's deed, holding and claiming the property under the sheriff's deed adversely to any claim of John H. Morgan. John H. Morgan had not been in possession of the premises nor had he taken rents or profits therefrom since the sale of the property in the attachment proceeding. E. H. Wahl commenced his action in the district court of Coal county on February 8, 1923, to foreclose his mortgage against E. D. Abney and wife. The Farmers National Bank of Tupelo, C. F. Green, and John H. Morgan, with other parties, were joined as defendants in the action. The Farmers National Bank of Tupelo by its cross-action prayed for the foreclosure of its mortgage. C. F. Green by his cross-action set forth that he was the legal and equitable owner of the land through and by the conveyance from John H. Morgan; that the deed from Morgan bearing date as of April 14, 1920, conveyed the legal and equitable title in the property to C. F. Green, and that E. D. Abney was unlawfully withholding the possession thereof from the defendant Green; that the latter was entitled to the immediate possession of the land involved in the action. The defendant Green supposes his right of possession as the legal and equitable owner thereof, to rest upon the fact that the judgment in favor of the First National Bank of Coalgate for its debt and judgment sustaining the attachment of the real estate against the defendant Morgan were void. The defendant further sets forth in his cross-action that the affidavit filed in the action against Morgan, upon which it was sought to obtain service upon the defendant by publication, and the notice of publication based thereon, were so defective as to render the judgments for the debt and sustaining of the attachment proceedings void. The action of the defendant Green was in ejectment for the possession of the property, and his right to possession was founded entirely upon the deed from Morgan to him. Therefore, the defendant pursued his remedy in the law action of ejectment for the possession of the property. The plaintiff and interested defendants pleaded the five-year limitation provided by paragraph 1 of section 183, C. O. S. 1921, against defendant Green's action in ejectment for possession of the real estate. The reply of the plaintiff and interested defendants set forth that more than five years had elapsed since the date of filing the sher-

iff's deed for record in Coal county to Statler, as purchaser of the property resulting from the attachment proceeding, and that the right of Morgan to recover the land sold under the execution was barred at the time he conveyed the property to Green on April 14, 1920.

J. H. Morgan filed his application in the case of the First National Bank of Coalgate against him, to set aside the judgment rendered in that cause for debt and sustaining the attachment proceeding, on the ground that the affidavit made by the plaintiff to obtain service by publication, and the publication notice thereon, were so defective as to render such judgment void. The notice of the application to set aside the judgment was served upon the First National Bank of Coalgate, and Byrne Statler, who purchased the real estate at the judicial sale. However, Statler had already conveyed the property to E. D. Abney in 1918. The application to set aside the judgment, as it affected the interest of the First National Bank of Coalgate and Byrne Statler, was overruled in the latter part of 1920. John H. Morgan appealed from the ruling of the court in denying the application to this court, in which the First National Bank of Coalgate and Byrne Statler were named as defendants in error. The plaintiff in error filed his brief in the cause on appeal, but default was made on the part of the bank and Mr. Statler in filing their answer brief. The action of the trial court in denying the application was reversed in the case of Morgan v. First National Bank of Coalgate, 96 Okla. 86, 219 Pac. 894. The reversal was based upon the proposition that plaintiff in error's brief reasonably tended to support the assignments of error for reversal, and that the defendants in error had failed to file brief. Mandate went to the lower court and was spread of record. Thereafter, and on March 24, 1924, the motion to set aside the judgment as it affected the interest of the First National Bank and Byrne Statler again came on for trial. The court sustained the motion and set the judgment aside in the case of First National Bank against J. H. Morgan, in so far as it affected the interest of the defendant and Byrne Statler. No appeal was had from the order of the court sustaining the application to set aside the judgment. Defendant Green filed a supplemental cross-petition after the reversal of the case of Morgan v. First National Bank, wherein it was set forth that the opinion in the case of Morgan v. First National Bank was res adjudicata, and barred the plaintiff and defendant Abney and the Farmers Na-

tional Bank of Tupelo from claiming any rights in the property through the judicial sale had in the case of First National Bank v. Morgan. We may observe that the opinion of this court in the Morgan Case on appeal did not do anything more than to place the judgment in the First National Bank v. Morgan in the status it occupied at the time the application was filed to set the same aside. The defendant Green did not plead the judgment of the court setting the motion aside on March 24, 1924, in bar of the plaintiff and defendants' rights in the property.

Green introduced in evidence a copy of the journal entry bearing date as of March 24, 1924, vacating the judgment. The following proceedings were had in connection with the introduction of the copy of entry:

"Mr. Green: Cross-petitioner offers in evidence judgment of court dated March 24, 1924, vacating the judgment—excuse me just a minute, Your Honor, I want to see about the law, Judge Ralls: Just let both of our exceptions go as one; that will save it. The Court: Yes."

The proceedings had do not show that the plaintiff and defendant Farmers National Bank of Tupelo objected to the introduction of the copy of judgment as evidenced in direct language. However, so far as this record is concerned, we will treat the evidence as being received without objection by adverse parties, and the cross-petition of Green amended so as to plead this judgment as a bar. The following proceedings were had in relation to making J. H. Morgan a party to the case at the close of the evidence:

"Mr. Green: Cross-petitioner renews its motion to have John Morgan or J. H. Morgan substituted or joined with the cross-petitioner in the case, if the court thinks that it is necessary. Mr. Ralls: Court please, we object to that at this late date. It is too late to come in and do that. The Court: No, I don't think it would be too late, as far as that is concerned—I am not so sure but what, on the facts of this case, but what really he ought to have been a party. The Court: I really think it would be better, from the status of the case, would be better if he was a party. But if I make him a party now, how am I going to get him in here? Mr. Green: He is a party plaintiff. The Court: Who party plaintiff? I believe I will make him a party."

It will be observed that the court said that it would make J. H. Morgan a party to the suit. The record does not disclose any order of the court making him a party, nor does the record show that service was had upon Morgan. No pleading was filed on behalf of Morgan seeking any relief in this action. Defendant Green did not undertake to maintain his action for possession of the property in the name of J. H. Morgan as grantor.

The plaintiff and the Farmers National Bank of Tupelo further pleaded that the defendant Green's deed was champertous and invalid to support an action for recovery of the possession of the property against the plaintiff and Farmers National Bank of Tupelo.

The trial of the cause resulted in a judgment foreclosing plaintiff's mortgage, and that of the Farmers National Bank of Tupelo, a defendant, against Abney, who was in possession. The judgment denied recovery in favor of Green and J. H. Morgan. C. F. Green and J. H. Morgan have appealed the cause here and assign several of the rulings of the court in the trial of the cause as error for reversal here. The plaintiffs in error submit the following proposition for the reversal of this cause: (1) That the affidavit to secure service by publication and the service by publication in the action between the First National Bank of Coalgate and Green, were so defective as to render the judgment void in that cause. (2) That the judgment for debt and the sustaining of the attachment proceeding being void, no title passed through the sheriff's deed to Byrne Statler, and that the deed from Statler to Abney conveyed no title in the property to the latter. (3) That the action of the court in setting aside the judgment in the case of First National Bank of Coalgate v Green was binding upon the plaintiff, the Farmers National Bank of Tupelo, and E. D. Abney. (4) That the effect of setting aside the judgment was to destroy all claims of the parties named in the foregoing paragraph in and to the property. (5) That the sheriff's deed to Statler was void and conveyed no interest in the property to the latter. (6) As a consequence, Morgan by his deed of April 14, 1920, conveyed the legal and merchantable title in the property to Green.

Among the several propositions submitted by the defendants in error to support the judgment of the court denying recovery to Green are the following: (1) That an action either upon the part of Morgan or his grantees to recover possession of the property sold upon the special order of sale in the attachment proceedings, was barred five years from the date of the filing of the sheriff's deed to Statler on April 8, 1914.

We think the proceedings had in this cause did not result in J. H. Morgan becoming a

party to the action so as to be bound by the judgment reached in the trial of the cause. Morgan did not enter his appearance in the cause, nor was service had upon him. Defendant Green stated that he was a party plaintiff, but the record does not show. The determination of this appeal on the record as made cannot be affected by the absence of J. H. Morgan as a party to the cause. It is sufficient to say that defendant Green did not undertake to maintain his action for possession of the property in the name of J. H. Morgan for his use and benefit, but we think the same result would be reached in this case if Green's action for possession was so maintained.

The plaintiff in error Green submits the proposition that the privity in interest between the First National Bank of Coalgate and its grantees results in the grantee being bound by the action of the court in setting aside the judgment in the case of First National Bank of Coalgate v. Morgan. The plaintiff in error submits the proposition that the privity of interest relating to these parties is such that it was not necessary to bring Statler's grantees into the action to set aside judgment. Statler, who received the property through the sheriff's deed, had already conveyed the property to Abney in 1918, and the mortgages sought to be foreclosed had been executed by Abney, when Morgan made application to set aside the judgment in question in 1920.

The term "privity" denotes successive relationship or ownership to the same property from a common source. The application of this doctrine in relation to the title of property conveyed through a judicial decision between certain parties means that the parties to the action and those claiming by or through either party to the suit cannot relitigate the question in another action, or those which might have been litigated in the first action, in relation to the title to the property as fixed by the final adjudication in the first action. Hurd v. Sein, 189 Fed. 591; Perkins v. Goddin, 111 Mo. App. 429, 85 S. W. 936; Tolliver v. Great N. Ry. Co., 187 Fed. 795, 109 C. C. A. 643. The plaintiff in error is undertaking to apply the doctrine of "privity" as applied to the effect of a judgment in relation to property in which several parties are interested. This rule is not aptly a proper rule for measuring the effect of judgments between parties. The rule in its application to the rights of parties, as found and determined by judgments, cannot go farther than to bind the persons who are parties to the

particular judgment, and those claiming by or through them. In the efforts of said parties to relitigate the same question in another action, or those questions which might have been litigated in the first action. The effect of the rule applied to parties bound by a judgment and those claiming by or through them is to deny such parties, who have had a fair trial once of the question, to relitigate the same question in another proceeding. Taylor v. Sortorious, 130 Mo. App. 23, 108 S. W. 1089. A different question is made here by the failure of Morgan to make Abney and the mortgagees parties to the proceeding to set aside the judgment in the case of First National Bank of Coalgate v. Morgan. The questions submitted for litigation is the application to set aside the judgment are entirely different from the question litigated in the trial of the cause in the first instance. The title to the property which was founded upon the judicial proceedings had passed into the hands of strangers to the proceeding, when the application was made to set aside the judgment. It is a well-settled principle of law that a person is not privy to a judgment who acquired his property rights effected by the judgment before the rendition of the judgment which is pleaded in bar, unless he was made a party to the proceeding. Calcullagraph Co. v. Automatic Time Stamp Co., 154 Fed. 166; Ingersoll v. Jewett, 13 Fed. 45; Schuler v. Ford, 10 Idaho, 739, 80 Pac. 219, 109 Am. St. Rep. 233; N. W. State Bank v. Silberman, 154 Fed. 809, 83 C. C. A. 525.

The case of Coles v. Allen, 64 Ala. 106, considered this question and said:

"No alienee, grantee, or assign is bound or affected by a judgment or decree rendered in a suit commenced against the alienor, grantor, or assignor subsequent to the alienation, grant or assignment for the plain reason that otherwise his rights of property could be divested without his consent and the fraud or laches of the grantor could work a forfeiture of estates he had created by the most solemn conveyances."

A similar question was before the Supreme Court of Idaho in Schuler v. Ford, supra, in which the Alabama rule was applied with approval.

We think so far as the question of ownership of the property is concerned on the part of Green as against Abney, the Farmers National Bank of Tupelo and the plaintiff, the defendant Green must meet the plea of the statute of limitation set up in behalf of the adverse claimants against Green's deed.

The deed from Morgan to Green was made more than five years after the sheriff's deed to Statler was filed for record in the county clerk's office in Coal county.

Paragraph 1 of section 183, C. O. S. 1921, provides that an action for the recovery of real estate sold on execution cannot be brought for the possession of the property by the execution debtor, his heirs, or any person claiming under him, after the date of the judgment, if such action is not instituted within five years after the date of the recording of the deed made in pursuance of the sale. Such parties are barred by the statute from maintaining such action after five years from the date of the filing of the deed made pursuant to such judicial sale. The parties this appeal have not called our attention to a decision by this court heretofore, construing paragraph 1 of section 183. The language of paragraph 1 makes no distinction between deeds following from a void or voidable judgment. The limitation would never be involved in a direct appeal. Ordinarily, the action contemplated by paragraph 1 of section 183, would be in the nature of a collateral attack upon the judgment supporting the deed made pursuant to a sale of real estate. This court has had before it heretofore the question of construing the effect of paragraph 2 of section 183, supra, as applied to an administrator's deed resulting from a void sale by probate court. This court in considering the effect of the limitation created by paragraph 2 of section 183, C. O. S. 1921, as applied to an administrator's deed, made no distinction between a void and voidable judgment. This court applied the rule that the limitation created by paragraph 2 ran in favor of an administrator's deed and barred recovery against the deed within five years from the date of the filing of the deed, although the administrator's deed followed from a void judgment in an administration proceeding had in the probate court. Dodson v. Middleton, 38 Okla. 763, 135 Pac. 368.

Section 6905, Revised 1915 Statutes of Kansas, is similar to section 183, supra. Paragraph 1 of the Kansas Statutes is similar in language to paragraph 1 of section 183, supra. The Supreme Court of Kansas construed paragraph 1 to make no distinction between void and voidable judgments in relation to the limitation running in favor of a deed resulting from a judicial sale. The Supreme Court of Kansas in construing paragraph 1 applied the same construction thereto as was given paragraph 2 by this court, in the case of Dodson v. Middleton, supra.

Ordinarily, an action in ejectment for the possession of real estate would involve a collateral attack upon a judgment which resulted in a judicial sale. The defendants would be denied the benefit of the limitation created by paragraph 2 in many instances, unless the limitation ran in favor of a deed following from a void judgment. Ordinarily the judgment of a court resulting in a judicial sale of real estate cannot be attacked in a collateral proceeding, unless the judgment is void. James v. Logan, 82 Kan. 285; Knickerbocker v. Bank, 93 Kan. 733.

The limitation created by paragraph 1 commenced to run in favor of the sheriff's deed to Statler from the date it was filed in the county clerk's office in Coal county, and any action which Morgan or his grantees might have maintained for the recovery of the land was barred on April 8, 1919. Green claims under a conveyance from Morgan bearing date as of April 14, 1920. Morgan's right of recovery was barred at the time of the execution of the deed in question. Therefore, the plea of limitation against Green's right of recovery is good. It will serve no useful purpose to consider other questions made by this appeal, since Morgan's right of recovery was barred at the time of the latter's conveyance to defendant Green.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1, 2) 37 C. J. p. 745, § 64.